IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARTHA SWANN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 3:24-cv-00244-RAH-JTA |
| | ) JURY DEMAND |
| EAST ALABAMA HEALTH CARE AUTHORITY, DBA EAST ALABAMA MEDICAL CENTER, | ) |
| Defendant. | ) |

<u>PLAINTIFF'S MOTION TO COMPEL CERTAIN DISCOVERY</u>

COMES NOW Plaintiff Martha Swann, by and through undersigned counsel of record, and pursuant to Rule 37 of the Federal Rules of Civil Procedure, moves this Honorable Court to enter an order compelling Defendant East Alabama Medical Center (EAMC) to fully and completely answer Plaintiff's Interrogatory 28 and produce documents in accordance with Plaintiff's Request for Production BB.

Plaintiff's respectfully avers that her motion should be granted for the following reasons:

*Summary of the Case Relevant to the Discovery Dispute*

**1.**  Plaintiff's lawsuit alleges her former employer, EAMC, subjected her to unlawful discrimination in pay and treatment based on her sex, female, and that it retaliated against her for her complaints about pay discrimination and gender-based double standards regarding pay and treatment. (Doc. 1, *in passim*: Complaint).

1

**2.** Paragraphs 95-111 of the Complaint alleges, *inter alia*, that Plaintiff submitted a grievance to EAMC to contest her being fired in late December 2022, which lead to a late January 2023 grievance hearing, attended by Plaintiff and various EAMC Human Resources officials and other members of Defendant EAMC's leadership and decision making team.

**3.** In her Complaint, Plaintiff alleges continuing discrimination and EAMC leadership and decision maker retaliation and bad faith, including:

Para. 102. EAMC's leadership team was not interested in and refused to consider Plaintiff's opposition to EAMC workplace gender discrimination.

Para. 103. During the hearing, EAMC Vice President and General Counsel Roben Casey cut Plaintiff off, interrupted her, when she tried to explain how Morris prohibited CE Department employees from speaking to EAMC's Human Resources Department about issues with the CE Department.

Para. 104. During the hearing Plaintiff tried to explain how Morris' firing her, was retaliatory, but was again cut off by one or more members of the EAMC leadership team; the leadership team became increasingly belligerent towards Plaintiff, not wanting Plaintiff to even raise the issue of or even say the word "retaliation."

Para. 105. During the hearing, Plaintiff tried to raise the issue of her refusing to flirt with Morris for promotion and, in the end, more money, saying that Morris needed to be flirted with by women in order to be promoted, but, again, the EAMC leadership team refused to take

Plaintiff at her word and investigate her charges.

3. <u>The disputed discovery</u>: Plaintiff's Interrogatory 28 and Request for Production (RfP) BB seeks information related to this grievance hearing's scheduling; to EAMC practices, customs, and/or protocols for setting up such hearings; to the persons who arranged the grievance hearing; and to correspondence between the EAMC officials related to the hearing and its scheduling, etc. See, <u>EXHIBIT A</u> (Plaintiff's Interrogatory 28 and Request for Production BB).

4. EAMC has provided canned, boilerplate objections[1] to and an evasive, incomplete, answer to Interrogatory 28, such that it must be treated as a failure to answer. EAMC's response to Plaintiff's RfP BB merely referred to its incomplete, answer and objections to Plaintiff's Interrogatory 28. EAMC produced none of the requested documents. See, <u>EXHIBIT B</u>: Defendant EAMC's Answer to Interrogatory 28 and RfP BB.[2]

***Efforts to Resolve the Discovery Dispute***

5. Plaintiff certifies pursuant to Rule 37 she has made a good faith effort to resolve this matter with the Defendant prior to filing this motion. Efforts to

---

[1] Plaintiff believes our District Courts' and Eleventh Circuit's disdain for boilerplate objections is well-established. See, e.g., *Cafaro v. Zois*, 2016 WL 903307, at *1 (S.D. Fla. Mar. 9, 2016) ("Boilerplate objections may also border on a frivolous response to discovery requests." citing *Steed v. Everhome Mortg*. Co., 308 F. App'x 364, 371 (11th Cir. 2009)(additional citation omitted).

[2] Defendant served unsigned discovery on February 20, 2025, and the signed version on February 21, 2025, the latter being filed herewith as EXHIBIT B.

resolve this dispute without involving the Court include:

 **a.** On February 20, 2025, Plaintiff received Defendant's answer to her Interrogatory 28 and response to her Production Request BB.

 **b.** On the morning of February 21, 2025, Plaintiff's counsel emailed Plaintiff's Rule 37 request to Defendant's lawyers, in sum asking that Defendant comply with the Fed. R. Civ. P. regarding their obligations under the Rules. <u>EXHIBIT C</u>. Included in this Plaintiff's initial Rule 37 correspondence was counsel's invitation to Defendant to take an additional week to consider these discovery requests.

 **c.** Plaintiff's counsel also suggested that, after taking an additional to consider Plaintiff's position, if Defendant remained disinclined to provide a complete answer and document-inclusive response, then the attorneys could confer by telephone regarding this dispute on Monday, March 3, 2025 (in an attempt to break any continuing stalemate).

 **d.** At 3:21 p.m. on February 21, 2025, undersigned Plaintiff's counsel received Defendant's response from defense counsel. <u>EXHIBIT D</u>. While defense counsel's response / email speaks for itself, in sum, it, (i) stood by Defendant's objections and incomplete answer / response; (ii) accused Plaintiff of "abusing" the discovery process; (iii) accused Plaintiff's counsel of "insulting" Defendant and its counsel; and, (iv) challenged Plaintiff to disclose what specific information Plaintiff sought through the discovery requests at issue.

   **e.**   Later in the afternoon of February 21, 2025, undersigned Plaintiff's counsel replied by email (<u>EXHIBIT E</u> - highlighted) to defense counsel's missive. In sum plaintiff's counsel reiterated the legitimacy of the discovery requests; detailed the extent to which such basic, standard, fundamental discovery requests should not be of a nature for a defendant to oppose or otherwise get exercised about; and, invited defense counsel to go ahead and let plaintiff's counsel know whether or not an impasse had been reached.

   **f.**   February 24, 2025, at 5:26 p.m. Defendant's lead attorney emailed undersigned Plaintiff's counsel. (<u>EXHIBIT F</u>). Plaintiff quotes it here, in its entirety:

We are at an impasse.

   **6.** With Defendant informing Plaintiff that the parties had reached an impasse regarding Plaintiff's Interrogatory 28 and Production Request BB, undersigned counsel files and serves this Motion to Compel.

> ***The Interests of Full and Fair Discovery Weight in Favor of Granting Plaintiff's Motion: The Information Sought is and/or is Likely to Be Relevant to Plaintiff's Claims, Damages, and Defendant's Defenses.***

   **7.** Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to *"obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the*

*importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."* Fed. R. Civ. P. 26(b)(1).

8. "Under the federal rules, relevancy is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.' *Oppenheimer Fund, Inc., v. Sanders,* 437 U.S. 340, 351 (1978). <u>Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement</u>. *Id.; Hickman v. Taylor,* 329 U.S. 495, (1947). *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998)(Emphasis added).

The discovery at issue in no way "pushes the envelope" or otherwise seeks to learn, say, trade secrets, confidential information, or personal or embarrassing facts. Plaintiff seeks basic, standard, information about her grievance hearing and the correspondence of those who scheduled it and communicated regarding it; those who attended and those in the loop.

9. A party seeking discovery may move for an order compelling discovery if the opposing party refuses the discovery efforts. Fed. R. Civ. P. 37.  The party who resists discovery bears the burden of showing the grounds for its objection with specificity. *DeMartini v. Town of Gulf Stream*, 2017 U.S. Dist. LEXIS 55213, *3

(S.D. Fla. Apr. 11, 2017) (*citing Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to . . . specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of proper discovery (as now amended) or that a discovery request would fall within Rule 26(b)(1)'s scope of proper discovery (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable.").

Here, Defendant EAMC, the party resisting discovery, can make no such showing. Or, such showing as it may attempt can only fall short.

**10.** Additional Complaint allegations regarding EAMC retaliation and its failure to conduct a thorough, good faith, investigation of her sex discrimination complaints include:

> Para. 140 . . . EAMC (through Morris and its Human Resources Department) refusing to undertake a thorough, good faith investigation of Plaintiff's repeated complaints about workplace gender discrimination and gender-based pay discrimination; and firing Plaintiff.

> Para. 144 . . . Defendant's failure or refusal to conduct a good faith, thorough, investigation of Plaintiff's workplace gender discrimination complaints constituted retaliation under Title VII. . ."

> Para. 145. Before Plaintiff's late January 2023 grievance hearing, she held the reasonable expectation that she could get her December 2022 firing reversed and be reinstated, if only EAMC's decision makers would conduct a good faith, thorough, investigation into her complaints

about the events leading up Morris firing her, particularly regarding her complaints regarding workplace sex discrimination, pay discrimination based on sex, and Morris's double-standards in how he treated Plaintiff and her male co-workers.

Plaintiff's counsel has practiced employment discrimination law for almost 35 years. Given the issues in this case, it strikes undersigned counsel as uncanny that this discovery dispute arises out of Defendant's digging in its heels over such basic, indeed, "generic," information sought. In undersigned counsel's experience, such a position by an employer has never been a source of contention.

A Defendant's grievance hearing scheduling customs, practices, protocols and the steps taken to reserve the conference room in which the hearing would take place; the identities of the person(s) who reserved the hearing conference room; information about who was invited or requested to sit in on the grievance hearing; the identities of those contacted, notified about, or looped-into knowledge of the hearing and their communications regarding same – none of this information is, or should be, discovery that exercises a former employer-defendant. Additionally, Plaintiff's requesting the documents (emails and the like), relating to the basic hearing information sought is simply not – nor should be – earth-shaking. The degree to which EAMC adamantly refuses to share such information and documents can reasonably be interpreted as a tacit admission that within the requested discovery lies damning information, or other content which either supports Martha Swann's claims or damages, or prejudices one or more EAMC defenses.

In the back and forth of contacting grievance hearing panelists, did an EAMC official email something pejorative about Plaintiff? In a pre-hearing email thread did an EAMC official say / admit something negative about Plaintiff's supervisor, John Morris? Was Morris, or EAMC President Laura Grill, or another EAMC employee notified of the hearing? Why was he, she or they notified? What comments, if any, *were* made about Plaintiff by EAMC officials who were in the scheduling loop? What reason/s does EAMC have for keeping the identities of the administrative assistants who purportedly scheduled the hearing secret? What information contained in the requested documents is so prejudicial to EAMC's case?

These questions are reasonable. Regrettably, Defendant's position is not.

**11.** The parties had a previous discovery dispute, not dissimilar from this one, which they resolved on their own: In the autumn of 2024, the parties were able to discuss and resolve their dispute without seeking Court intervention. On October 21, 2024, Plaintiff's counsel sent a Rule 37 Letter to EAMC's attorneys.[3] The October 21, 2024, Rule 37 Letter included Plaintiff's demand that Defendant produce previously requested documents – under Plaintiff's RfP R and relating to internal EAMC correspondence regarding Martha Swann's EAMC grievance hearing.

---

[3] On October 15 and 21, 2024, Plaintiff's counsel delivered two (2) Rule 37 Letters to EAMC's attorneys, regarding documents requested by Plaintiff, but not produced by Defendant. Defendant's attorneys responded to these letters on November 1, 2024. Here, in this motion, and to stay on-point, Plaintiff only discusses Plaintiff's RfP R, which is related to the current discovery dispute.

On November 1, 2024, Defendant's response letter included the following:

> **Request R(ix)** – <u>Defendant has provided all documents related to Plaintiff's grievance hearing</u>. Following the grievance hearing, the panel discussed Plaintiff's grievance and made the decision to uphold the termination of her employment. (Emphasis added).[4]

Obviously, given the circumstances that brings the parties and the Court to this juncture, Defendant's November 1, 2024, assertion was not true.

---

[4] The scope and nature of Plaintiff's Production Request R is related to the current discovery dispute. On one hand, RfP R was broader than Interrogatory 28 and Production Request BB, encompassing *all* internal EAMC correspondence regarding Martha Swann for a roughly 5-year period. On the other hand, RfP R was slightly narrower than Interrogatory 28 and RfP BB: It did not *specifically* request correspondence relating to EAMC's scheduling the grievance hearing, reserving the conference room, and the like. Still, the specific information and documents sought in Interrogatory 28 and RfP BB were a subset *of* RfP R's request:

> **PRODUCTION REQUEST R:** To the extent not already provided, for the period from January 1, 2019, through the date of service of these Requests, all electronic communications (emails, text messages, and the like) between the following persons regarding, referencing and/or otherwise involving Plaintiff: **(i)** Morris and any other EAMC employee (including, but not limited to, Johnston, Truitt, Banta); **(ii)** Johnston and any other EAMC employee (including, but not limited to, Morris, Truitt, Banta, Casey and/or Grill); **(iii)** Truitt and any other EAMC employee (including, but not limited to, Johnston, Morris, Banta, Casey, Grill), **(iv)** Banta and any other EAMC employee (including, but not limited to, Johnston, Truitt, Morris, Casey, and Grill); and, **(v)** Grill and any other EAMC employee (including, but not limited to, Johnston, Truitt, Banta, Casey).

Plaintiff's October 21, 2024, Rule 37 Letter included the following regarding RfP R:

> **(ix)** Bates p 842 – <u>EAMC provides no document/s regarding or evidencing how the various decision makers came to the conclusion that would uphold and ratify Morris's, Johnston's and Truitt's firing Martha Swann in late December 2022. " The grievance panel has decided," says Ms. Johnston. No notes, no minutes, no memorialization of this grievance panel's decision making process? That seems implausible at best. Evidence suggest Johnston also me[t] with Morris and that Morris met with the clinical engineering staff about Ms. Swann's grievance hearing, but EAMC has yet to produce any documents relating to those meetings.</u> Please produce this / these missing documents.

**12.** Plaintiff's October 21, 2024, issue with Defendant's incomplete response to RfP R was different from, but nevertheless related to, the issue at bar. Specifically, the previous discovery issue dealt with the hearing itself, rather than the run-up to the hearing. Since the New Year, Plaintiff grew concerned that Defendant did not grasp the full scope of RfP R (which, if liberally and in Plain English read, would cover <u>all</u> January 2023 EAMC correspondence related to Martha Swann, including her grievance hearing, its scheduling, etc.). Thus Plaintiff served Interrogatory 28 and RfP BB. It cannot be overstated that on November 1, 2024, Defendant EAMC held out to Plaintiff that "Defendant has provided all documents related to Plaintiff's grievance hearing," when, in fact, such was not the case and, additionally, Defendant now fights tooth and nail not to provide the balance of such documents (whether under Plaintiff's RfP R or, the currently disputed RfP BB).

**13.** With respect to her claims, Plaintiff bears the burden of proof. She should be afforded a fair opportunity to develop the record on those facts by discovery the information and documents sought. She will be prejudiced in her ability to carry her burden of proof if not allowed discover the information and documents sought. Plaintiff's interest in having Defendant answer Interrogatory 28 completely and without evasion, and in Defendant producing the documents requested in RfP BB, outweighs any potential inconvenience to the Defendant.

Respectively filed and served on this, the 26th day of February, 2025.

                                                        *s/ Richard R. Newton*
                                                        Richard R. Newton,
                                                          Attorney at Law, P.C.
                                                        Counsel for Plaintiff Martha Swann
                                                        7027 Old Madison Pike – Ste. 108
                                                        Huntsville, AL 35806
                                                        Tel: (205) 356-2498
                                                        richardrussellnewton@gmail.com
                                                        ASB-0776-w85r

## CERTIFICATE OF SERVICE

This is to certify that on this, the 26th day of February, 2025, I served the foregoing Plaintiff's Motion to Compel on Defendant EAMC by sending same by email to its attorneys of record via either the United States District Court's CM/ECF electronic filing system and/or their respective emails of record, to wit:

        Warren Lightfoot, Esq. *wlightfoot@maynardnexsen.com*
        Brock Phillips, Esq. *bphillips@maynardnexsen.com*
        Maynard Nexsen PC
        1901 Sixth Avenue North, Suite 1700
        Birmingham, AL 35203

                                                                    *s/ Richard R. Newton*