**EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT
# FOR MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| MARTHA SWANN, )<br> )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>EAST ALABAMA HEALTH CARE )<br>AUTHORITY, DBA EAST ALABAMA )<br>MEDICAL CENTER, )<br> )<br>    Defendant. ) | Case No.: 3:24-cv-00244-JTA |

## DEFENDANT EAST ALABAMA MEDICAL CENTER'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS

The Defendant, East Alabama Medical Center, hereby provides the following objections and responses to Plaintiff's Interrogatory 28 and Request for Production BB ("Discovery Requests") as follows:

## GENERAL OBJECTIONS

Defendant objects to each discovery request on each of the following grounds:

1.     Defendant's objections to Plaintiff's discovery requests are made without waiver of, or prejudice to, any additional objections Defendant may make.

2.     All such objections are hereby expressly preserved, as is the right to move for a protective order.

3. Defendant reserves all objections as to the admissibility at trial of any information provided.

4. The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation only and for no other purpose.

5. Defendant objects to each and every discovery request to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial and Plaintiff has made no showing that Plaintiff has substantial need for the materials in preparation of Plaintiff's case and that Plaintiff is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. Defendant further objects to each and every discovery request to the extent that the information called for, if any, is privileged and is not discoverable under the Federal Rules of Civil Procedure or otherwise.

6. Any inadvertent production or disclosure of privileged material is not intended, and should not be construed as a waiver of privilege, and Defendant reserves the right to seek the return of any such material, and further, to object to their use.

7. Defendant objects to each and every discovery request to the extent that the information called for, if any, is protected by any applicable privilege, including

but not limited to the attorney/client, attorney work product, and self-critical analysis privileges.

8. Defendant objects to each and every discovery request to the extent that the information called for, if any, is protected by any applicable patient safety or quality assurance privilege, including but not limited to those set forth in Alabama Code §§ 22-21-8 and 34-24-58.

9. Defendant objects to each and every discovery request to the extent that they seek to vary the obligations imposed upon Defendant under the Alabama Rules of Civil Procedure.

10. Defendant objects to each and every discovery request to the extent that they seek information that is irrelevant and not proportional to the claims and defenses in this case.

11. Defendant objects to each and every discovery request to the extent that they seek information that is equally available to Plaintiff and the burden to obtain the requested information is no greater than the burden on Defendant.

12. Defendant objects to each and every discovery request to the extent that they are vague, overly broad, oppressive, designed to harass Defendant, unduly burdensome and expensive and beyond the permissible scope of discovery under the Alabama Rules of Civil Procedure.

13. Defendant objects to each and every discovery request to the extent that they seek an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

14. Defendant objects to each and every discovery request to the extent that it seeks confidential or proprietary information. Similarly, Defendant reserves the right to redact confidential or proprietary information from any documents that they produce.

15. Defendant's statement that it will produce documents is not an indication that such documents exist or have ever existed; only that non-objectionable, responsive documents, if any, will be produced.

16. Formal discovery is not completed in this action. Therefore, Defendant specifically reserves the right to supplement its responses to Plaintiff's discovery requests upon the completion of discovery.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiver of any of the forgoing General Objections, Defendant responds to Plaintiff's Discovery Requests as follows:

## INTERROGATORIES

28. As of the final week or December 2022 and January 2023, please detail in writing how (i.e, the EAMC procedure, policy, practice or custom for <u>the steps</u>

<u>to be followed by</u>) EAMC Human Resources personnel to reserve the Edward Lee Spencer, Jr., Board Room (Board Room) at EAMC. Along with the steps that were taken, please include the following information:

a. The name and job title of the person who made the reservation / request for reservation for the Board Room for the Martha Swann grievance hearing of January 24, 2023.

b. All information regarding the reservation / use of the Board Room included in the (request / notification of) reservation (e.g., along with date and time block, the purpose of reservation, requestor name, persons expected to participate in the meeting / hearing / training / etc.).

c. The names of all persons notified / checked with / asked about reserving the Board Room for the January 24, 2023, Martha Swann grievance hearing.

d. During the period from December 27, 2022, through the time the January 24, 2023, Martha Swann grievance hearing commenced, the names of all persons notified regarding the use of the Board Room for the grievance hearing.

*NOTE: To the extent there was / were no policy, procedure, practice or custom for reserving the Board Room in last December 2022 and January 2023, please*

*nevertheless provide the steps taken to reserve the Board Room for the January 24, 2023, Martha Swann grievance hearing and the information requested in this Interrogatory's subparts (a)-(d).*

**RESPONSE: Defendant objects to this request as overbroad, unduly burdensome, and as seeking irrelevant information that completely unrelated to the underlying adverse employment action at issue in Plaintiff's Complaint. Accordingly, this request is not proportional to the needs of this case. Subject to and without waiving these objections, EAMC does not maintain any official policy, procedure, practice or custom for reserving the Edward Lee Spencer, Jr., Board Room in December 2022–January 2023. Two administrative assistants assist with reservations for the E. L. Spencer, Jr. Boardroom. Generally speaking, an EAMC employee who needs to use the Boardroom contacts one of these administrative assistants to check on the Boardroom's availability. If it is available at the requested date and time, the administrative assistant adds the meeting to the calendar at the requested time, thus reserving the Boardroom. These are the steps EAMC followed in reserving the Boardroom for Plaintiff's grievance hearing.**

## REQUESTS FOR PRODUCTION

BB.   All documents (e.g., emails, text messages, and any other writings, etc.) relating to Plaintiff's foregoing Interrogatory 28.

**RESPONSE: Defendant objects to this request as vague, overbroad, unduly burdensome, and to the extent it seeks information that is completely irrelevant and not proportional to the needs of this case.**

Respectfully Submitted,

*/s/ Warren B. Lightfoot, Jr.*
Warren B. Lightfoot, Jr.
Brock Phillips
Maynard Nexsen, P.C.
1901 Sixth Avenue North
Regions Harbert Plaza Suite 1700
Birmingham, AL 35203
Email: wlightfoot@maynardnexsen.com
Email: bphillips@maynardnexsen.com
*Attorneys for Defendant*

## **VERIFICATION OF INTERROGARTORY RESPONSES**

I, Kelli Truitt, state that I have read the foregoing Interrogatory Responses and that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and, therefore, necessarily limited by the records, and information still in existence, presently recollected and thus far discovered in the course of the preparation of these responses, that I reserve the right to make any changes in the response if it appears at any time that omissions or errors have been made therein or that more accurate information is available, and that subject to the limitations set forth herein, the response is true to the best of my knowledge, information and belief.

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 20, 2025.

*Kelli Truitt*
Kelli Truitt

SIGNED AS TO OBJECTIONS:

*/s/ Warren B. Lightfoot, Jr.*
Warren B. Lightfoot, Jr.
W. Brock Phillips
MAYNARD NEXSEN, P.C.
1901 Sixth Avenue North, 1700
Regions/Harbert Plaza
Birmingham, AL 35203
Telephone: 205.254.1000
wlightfoot@maynardnexsen.com
bphillips@maynardnexsen.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 20, 2025, I sent a copy of the foregoing via electronic mail to the following:

Richard R. Newton
2100 Southbridge Parkway, Suite 650
Birmingham, AL 35213
(205) 356-2498
richardrussellnewton@gmail.com

                                                */s/ Warren B. Lightfoot, Jr.*
                                                OF COUNSEL