

Richard Newton <richardrussellnewton@gmail.com>

---

## Martha Swann v. East Ala Med Center -- Defendant's Failure to Cooperate in Discovery. Plaintiff's Int 28 and RfP BB

**Richard Newton** <richardrussellnewton@gmail.com>   Fri, Feb 21, 2025 at 4:39 PM
To: Warren Lightfoot <wlightfoot@maynardnexsen.com>
Cc: Brock Phillips <bphillips@maynardnexsen.com>

Dear Warren,

I've tried to confer with you (please refer again to my morning's email; which sets out Plaintiff's position regarding her Interrogatory 28 and Production Request BB to Defendant).

I get this all the time, for more than 30 years:  Defense counsel demanding that Plaintiff's counsel open up their file and strategy regarding discovery requests that discomfort defendants. I need say no more in response to EAMC's boilerplate and canned objections, and failure / refusal to disclose discovery, than that. I have no more an obligation to open my file to defense counsel than defense counsel has an obligation to open its file to me. Suffice to say that the "administrative assistants" which Defendant refuses to name; the emails and other correspondence between EAMC administrative assistants; Human Resources personnel; EAMC administrators; those who attended Martha Swann's January 24, 2023, grievance hearing; and anyone else with EAMC looped-into the the planning, coordination, scheduling, etc. *of* her grievance hearing is relevant to her claims. Of course, such information sought within the scope of discovery need not be admissible in evidence to be discoverable.

I can also turn this around:  What information sought in Interrogatory 28 and Request for Production BB is so explosive that hiding, refusing to disclose, or keeping it secret is so imperative? In sum, the discovery sought is merely talking about the process of setting up a grievance hearing; the people involved in doing so; the correspondence between various Defendant employees and administrators leading up to that grievance hearing; and the documents (emails and the like) relating to the run-up to this hearing. This is hardly national security stuff, or HIPAA-protected patient information, or, I think, embarrassing information. Even if such dynamics were at play, EAMC or its attorneys could designate a full and complete Interrogatory Answer and Documents Produced as "Confidential," as it's / they've already done extensively in this case.

If we have reached an impasse, then please let me know and, as part of Plaintiff's Motion to Compel, I can certify to the Court that I have conferred, or have tried to confer, with opposing counsel to obtain Plaintiff's discovery requests without having to seek Court intervention. I'll get that filed next week, instead of the following week, if EAMC simply refuses to participate any further in the discovery process regarding the Interrogatory and Production Request at issue.

I am and will remain,

Cordially yours,

Rick

P.S. -- I've not "insulted" EAMC or its counsel. I certainly hope you don't feel "insulted." The only *ad hominem* in our correspondence has come from you, Warren, in characterizing my client as, e.g., "bombastic" (when, in fact, she was complaining, again, about the workplace double standard between men and women in EAMC's Clinical Engineering Dept, and gender-based wage discrimination to her boss). Who fired her in the wake of this argument. r r n

[Quoted text hidden]