IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARTHA SWANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:24-cv-244-RAH-JTA |
| ) | (WO) |
| EAST ALABAMA HEALTH CARE ) | |
| AUTHORITY, doing business as EAST ) | |
| ALABAMA MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is Plaintiff's motion to compel the deposition of Defendant's employee Roben Casey. (Doc. No. 34.) Defendant filed a response and motion for a protective order seeking to prevent the deposition of Roben Casey. (Doc. No. 36.) Plaintiff filed a reply. (Doc. No. 37.) Accordingly, this matter is ripe for review.

For the reasons that follow, Plaintiff's motion to compel is due to be granted and Defendant's motion for protective order is due to be denied.

### I. BACKGROUND

Plaintiff alleges four claims against Defendant, who is her former employer. (Doc. No. 1.) Specifically, Plaintiff alleges workplace sex discrimination in violation of Title VII, retaliation under Title VII, a violation of the Equal Pay Act, and retaliation under the Equal Pay Act. (*Id.*) Relevant to Plaintiff's motion to compel, Plaintiff alleges Defendant's leadership team illegally retaliated against her during her grievance hearing in January

2023 by failing to conduct a good faith investigation into Plaintiff's workplace discrimination claims. (Doc. No. 1 at 27.) Plaintiff further alleges Defendant failed to adequately train and supervise its employees to discourage workplace sex discrimination, which "proximately caused the workplace sex discrimination Plaintiff" allegedly experienced. (Doc. No. 1 at 23.)

On March 11, 31, and May 19, 2025, Plaintiff served deposition notices for Roben Casey. Casey serves as Vice President, General Counsel, and Compliance Officer for Defendant. Casey was present during Plaintiff's grievance hearing in January 2023. On May 21, 2025, Defendant objected to Casey's deposition. After trying to resolve the dispute, Plaintiff filed the instant motion to compel.

Plaintiff asserts she is entitled to depose Casey about her participation in Plaintiff's grievance hearing and her role in approving Defendant's corporate compliance policies. (Doc. No. 34 at 17.) Defendant responds that because Casey is a senior executive, she is shielded from deposition by the apex doctrine. (Doc. No. 36 at 1.) Plaintiff replies the apex doctrine does not apply to Casey. (Doc. No. 37 at 1–2.)

## II.   ANALYSIS

Under the Federal Rules of Civil Procedure, a party may "depose any person, including a party, without leave of court[.]" Fed. R. Civ. P. 30(a)(1). Depositions are subject to the scope restriction in Rule 26(b)(1), which allows "[p]arties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that

reasonably could lead other matter that could bear on, any issue that is or may be in the case.'" *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Generally, the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013). Thus, "a civil litigant is generally entitled to 'any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence.'" *Akridge*, 1 F.4th at 1276 (quoting *Degen v. United States*, 517 U.S. 820, 825–26 (1996)).

Nonetheless, there are some limitations on discovery. *See Akridge*, 1 F.4th at 1277 ("discovery, like all matters of procedure, has ultimate and necessary boundaries." (quotation omitted)). For example, "[c]ourts generally restrict parties from deposing high-ranking officials . . . because executives are particularly vulnerable to numerous, repetitive, harassing, and abusive depositions by virtue of their position." *Jet Blast, Inc. v. Blue Lake Serv., LLC*, 348 F.R.D. 706, 709 (N.D. Fla. 2025) (quotation omitted). This is called the apex doctrine.[1] To depose a high-ranking corporate officer, the party seeking the deposition must establish the executive "'(1) has unique, non-repetitive, firsthand knowledge of the

---

[1] The Eleventh Circuit has never formally applied the apex doctrine but has applied similar reasoning when affirming a protective order that blocked the deposition of a company's president. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651–52 (5th Cir. 1979) (affirming the protective order, in part, because the company's president "was extremely busy and did not have any direct knowledge of the facts"). Decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). Courts within the Eleventh Circuit have routinely applied the apex doctrine. *See Jet Blast*, 348 F.R.D. at 709; *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527 (S.D. Fla. 2015); *Pace v. Alfa Mut. Ins. Co.*, No. 2:13-cv-697-WKW-TFM, 2015 WL 13845517, at *2 (M.D. Ala. Nov. 9, 2015).

3

facts at issue; and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success.'" *Id*. (quoting *Hickey v. North Broward Hosp. Dist.*, No. 14-cv-60542, 2014 WL 1495780, at *2 (S.D. Fla. Dec. 17, 2014). Assuming for the purposes of this motion the apex doctrine applies, Plaintiff has shown she is entitled to depose Casey.

First, Plaintiff has sufficiently shown Casey has "firsthand knowledge of the facts at issue." *Jet Blast*, 348 F.R.D. at 709. Although Defendant argues Casey does not have firsthand information relevant to Plaintiff's claims in this case, Defendant admits Casey was present and took notes[2] during Plaintiff's grievance hearing. (Doc. No. 37-1 at 34.) Casey was also part of the grievance panel that decided to uphold Plaintiff's termination. (*Id.* at 41; Doc. No. 36-1 at 4.) This is directly relevant to Plaintiff's allegation that Defendant retaliated against her by failing to conduct a good-faith investigation into her workplace discrimination claims during her grievance hearing. (Doc. No. 1 at 27.) Furthermore, Defendant does not contest that Casey is its Compliance Officer. As Defendant's Compliance Officer, Casey would be familiar with Defendant's policies, procedures, and trainings about workplace discrimination and investigations. This information is directly relevant to Plaintiff's claim that Defendant failed to properly train its employees to discourage workplace sex discrimination. (Doc. No. 1 at 23.)

Defendant argues that even if Casey has personal knowledge related to Plaintiff's claims, this information is not unique and is obtainable from other sources. (Doc. No. 36

---

[2] These notes were not produced during discovery because Casey cannot locate them. (Doc. No. 37-1 at 38.)

at 9.) Defendant avers Plaintiff can obtain this information from the two Vice Presidents who were at the grievance hearing and have already been deposed. (*Id*. at 8.) Defendant further points to Plaintiff's recording of the grievance hearing. (*Id*. at 9.) To support its argument, Defendant cites to *Akridge v. Alfa Mut. Ins. Co.*, No. 2:17-cv-372-GMB, 2018 WL 3626115, at *2 (M.D. Ala. July 30, 2018), where the court denied a motion to compel the deposition of an Executive Vice President because there was no showing he had *unique* personal knowledge. *Akridge*, 2018 WL 3626115, at *2. Yet, the Eleventh Circuit reversed the district court's decision and instructed the district court to permit the deposition. *Akridge*, 1 F.4th at 1278. The Eleventh Circuit reasoned that "any burden this deposition would pose is outweighed by the benefit of obtaining a full and accurate understanding of the facts in the pursuit of a just result." *Id*. The same is true here. Any burden to Casey is outweighed by Plaintiff's entitlement to a full and accurate understanding of the facts.

      Casey was at Plaintiff's grievance hearing where she took notes she cannot produce, she participated in the decision to uphold Plaintiff's termination, and, as Defendant's Compliance Officer, she has knowledge of Defendant's policies and procedures surrounding workplace discrimination. The other two Vice Presidents, who were deposed, do not possess all the relevant knowledge possessed by Casey. Because this knowledge is directly relevant to Plaintiff's claims and the deposition is proportional to the needs of the case, the motion to compel is due to be granted and the motion for protective order is due to be denied.

## III.    CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's motion to compel (Doc. No. 34) is GRANTED.

2. Defendant's motion for protective order (Doc. No. 36) is DENIED.

3. **On or before June 20, 2025,** Roben Casey shall be deposed.

DONE this 12th day of June, 2025.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE