IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARTHA SWANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 3:24-cv-00244-RAH-JTA |
| vs. ) | |
| ) | JURY DEMAND |
| EAST ALABAMA HEALTH CARE ) | |
| AUTHORITY, DBA EAST ALABAMA ) | O P P O S E D |
| MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR REASONABLE COSTS AND ATTORNEY'S FEE ASSOCIATED WITH PLAINTIFF'S MOTION TO COMPEL DISCOVERY, GRANTED BY THIS COURT ON JUNE 12, 2025**

COMES NOW the Plaintiff, Martha Swann, by and through her counsel of record, and files and serves this Motion for Reasonable Costs and Attorney's Fees following Plaintiff's Motion to Compel [Doc. 34], Granted by this Court on June 12, 2025, [Doc. 38]. As good cause and in support of this Motion, Plaintiff would show the following:

**1.** Undersigned counsel for Plaintiff certifies that through email exchanges of June 13 and 30, 2025, and a telephone conversation on July 1, 2025, he conferred with counsel for Defendant East Alabama Medical Center (EAMC), attempting to resolve this matter without needing to seek Court assistance. Unfortunately, he was unsuccessful.

**2.** On June 2, 2025, Plaintiff filed a Motion to Compel the deposition of Defendant EAMC's employee, Ms. Roben Casey. [Doc. 34].

1

3. On June 12, 2025, following consideration of Defendant's Response to Plaintiff's Motion and Plaintiff's Reply to Defendant's Response, the Court Granted Plaintiff's Motion to Compel the Deposition of Roben Casey and Ordered that deposition take place on or before June 20, 2025. [Doc. 38, p. 6].

4. Plaintiff's counsel deposed Ms. Casey on June 20, 2025, and holds out to the Court that the Casey deposition elicited information and evidence relevant and helpful to the case.

5. Rule 37(5)(A) of the Federal Rules of Civil Procedure (Payment of Expenses; Protective Orders) states in pertinent part:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).
>
> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.[1]

6. As noted, *supra*, Court granted the motion over Defendant's objections as well as its attempt to obtain a protective order. [Doc. 38].

---

[1] Rule 37(5)(A) continues:

But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

**7.** Plaintiff sees no reason to re-argue the Motion to Compel. Suffice to say Plaintiff's counsel noted his repeated attempts to resolve the issue without seeking Court intervention; but that Defendant declined to budge in its position that Roben Casey was an EAMC "apex" employee, entitled to being shielded from deposition and, also, that she was EAMC's in-house lawyer. Plaintiff pointed out – in both pre-motion discussions with EAMC's attorneys of record and in her Motion to Compel – that, in fact, EAMC had months earlier admitted that Casey had attended a key-to-this-case internal grievance hearing *not* as a "legal representative," but had in fact acted as a biased interrogator of Plaintiff. All undermining EAMC's "apex" or "privilege" arguments.

**8.** Defendant pressed-on, strenuously objecting to Casey's deposition, knowing full well that, *(a)* Casey had attended Martha Swann's January 2023 EAMC internal grievance hearing; *(b)* Casey participated in that hearing; and that, *(c)* Casey did not attend and participate in that hearing as EAMC's "legal representative."

**9.** In its Response Defendant also argued strenuously that Casey had no "relevant" evidence to offer or discover. [see, e.g., Doc. 36, Item 3, p. 2-3; Item 15, p. 10]. This was owing to Casey's "only" being part of EAMC's grievance panel that held the January 2023 grievance (and, as Plaintiff hoped and sought, job reinstatement) hearing. *Id.* In her Reply to Defendant, Plaintiff noted that the 11th Circuit considers an employee seeking reinstatement thusly: "A simple request for reinstatement 'seeks to redress the original termination.'" *Burnam v. Amoco Container Company*, 755 F.2d 893,

894, (11th Cir. 1985) [See, Plaintiff's Reply, Doc. 37, Item B, pp. 11-12]. In its Order, the Court noted Defendant's "irrelevancy" argument and found otherwise. [*see*, Doc. 38, p. 4]. Plaintiff brings this up only to reinforce her assertion that, as with Defendant's other arguments, EAMC's "irrelevancy" argument flew in the face of well-settled 11th Circuit precedent and, therefore, was not justified, certainly not "substantially" justified.

10. Both alone and in combination these facts knocked-down any legitimate EAMC argument that its "...objection was substantially justified." Fed. R. Civ. P. Rule 37(5)(A)(ii). In fact, in its Response, Defendant even cited a 2018 Middle District case that had, in fact, been reversed by the 11th Circuit in 2021.

11. Attached hereto as **Exhibit A**, please see undersigned counsel's Declaration further detailing his efforts to resolve the Casey deposition issue without seeking Court intervention; his background in employment law – which goes to his requested hourly lodestar; a comparison of his requested fees and costs compared to a resent request made by EAMC's own lead counsel in a Northern District of Alabama case; and other issue-related matters. **Attachment 1** to **Exhibit A** is an extract from undersigned counsel's monthly, itemized (to the 1/10th hour) Time Sheet relevant to Plaintiff's work relevant to the Motion to Compel.

12. Whereas pending cases such as the one at bar, courts typically award fees in Title VII and related civil rights cases by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Gonzalez v. Rainforest Café, Inc.*, 2018 WL

4

3635110, *2 (M.D. Fla. 2018) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (applying the lodestar analysis in an FMLA case).

13. In the 11th Circuit, after counsel proposes an hourly rate based on the prevailing market rate in the community, courts may consider the 12 "Johnson factors" o determine if the proposed rate accurately reflects the true worth of counsel." See, *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). At this point, undersigned counsel will forego fully briefing the Court on the *Johnson* factors, or prevailing market rates for the Middle District of Alabama, but, if directed by the Court, will supplement this filing with such a briefing.

14. As explained in more detail in the attached **Exhibit A**, undersigned counsel does not practice tax law, bankruptcy law, products liability law and the like: Just employment law and occasionally other civil rights law, and contract law.

15. As explained in more detail in the attached **Exhibit A**, undersigned counsel holds out to the Court and Defendant that he is entitled to a lodestar amount of $550.00 per hour.

16. None of the time presented in **Exhibit A**, Attachment 1, is "excessive, redundant, or otherwise unnecessary." *Norman v. Hous. Auth.*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting *Hensley,* at 434 (1983). Undersigned counsel respectfully avers that as a sole practitioner he can and does keep his time, fees and costs well below that of many larger firms in comparable Title VII cases.

**17.** As detailed in **Exhibit A**, Plaintiff's total time related to the Motion to Compel equals **23** hours. Multiplied by a lodestar of $550.00/hr a total and reasonable attorney's fee amount equals **$12,650.00**. Additionally, undersigned counsel's part-time law clerk, Ms. Cate Moore, expended 5.5 hours related to Plaintiff's Motion to Compel. Her fee totaled **$110.00. (See Exhibit A, Attachment 5).** Plaintiff's total reasonable costs and attorney's fee equaled **$12,760.00**.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully requests the Court Grant this motion and award Defendant to pay Plaintiff's counsel $12,760.00 for reasonable costs and attorney's fees associated with Plaintiff's Motion to Compel the deposition of Roben Casey, along with any other relief in law or equity the Court sees fit to grant.

Respectfully filed and served on this, the 1st day of July, 2025.

        s/ *Richard R. Newton*
        Richard R. Newton, Attorney at Law, P.C.
        Counsel for Plaintiff Martha Swann
        7027 Old Madison Pike – Ste. 108
        Huntsville, AL  35806
        Tel: (205) 356-2498
        richardrussellnewton@gmail.com
        ASB-0776-w85r

CERTIFICATE OF SERVICE

This is to certify that on this, the 1st day of July, 2025, I served the foregoing Plaintiff's Motion for Reasonable Costs and Attorney's Fee on Defendant by sending same by email to its attorneys of record via their respective emails of record, to wit:

Warren Lightfoot, Esq.   *wlightfoot@maynardnexsen.com*
Brock Phillips, Esq.     *bphillips@maynardnexsen.com*
Maynard Nexsen PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203

*s/ Richard R. Newton*