IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**Exhibit A**

| | | |
|---|---|---|
| MARTHA SWANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:  3:24-cv-00244-RAH-JTA |
| vs. | ) | |
| | ) | JURY DEMAND |
| EAST ALABAMA HEALTH CARE | ) | |
| AUTHORITY, DBA EAST ALABAMA | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

<u>DECLARATION OF RICHARD NEWTON</u>

*I, the undersigned, Richard Newton, have personal knowledge of the facts set forth below as well as through Court records filed by opposing counsel.*

My name is Richard Newton. I have been a member in good standing of the State Bar of Alabama since September 28, 1990. I am a member of the Alabama Middle and Northern District Courts. I am attorney of record for Plaintiff Martha Swann in the above-styled case.

**1.** Over the years my law practice has primarily focused on Employment Law. I chiefly represent employees in claims and cases involving statutes such as Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. §§ 1981, 1983; the Pregnancy Discrimination Act; the Age Discrimination Act; the Americans with Disabilities Act, and the Equal Pay Act; as well as under Alabama common law. Occasionally I also practice contract and related law.

2.    My first employment law case – a Title VII and common law case – began with client intake during the second half of 1992, continued through the Equal Employment Opportunity Commission (EEOC) phase, proceeded with filing the Complaint in the spring of 1993, continued through discovery, motion practice, trial, and post-trial motion stages and closed in May 1994, following a $200,000.00 jury verdict against the corporate defendant and a $60,000.00 verdict against an individual defendant (*Theresa Thomas v. Motel 6 Corporation, et al*., 7:93-cv-01134-SCP, Northern District of Alabama, Honorable Sam C. Pointer, presiding).

3.    In a Middle District case brought under the Age Discrimination in Employment Act (ADEA), during December 2020 and January 2021, undersigned counsel was obliged to file motions to compel against a defendant regarding certain "paper discovery." On January 7, 2021, United States District Court Magistrate Judge, Honorable Kelly Fitzgerald Pate, awarded undersigned counsel reasonable expenses and attorney's fees; and, following undersigned submitted his itemized time and expenses, on January 29, 2021, Judge Pate ordered defendant pay plaintiff's counsel $1,330.00, within thirty (30) days of the date of entry of the order. In this case undersigned counsel requested and was awarded a $350.00 lodestar. *Rita Davenport v. Ivy Creek Health Care, LLC*, 2:20-cv-436-KFP. This case later resolved following mediation. For easy reference, Plaintiff attaches hereto Judge Pate's Order granting the requested fee [Doc. 26] (**Attachment 1**).

**4.** As of the date of this filing undersigned Plaintiff's counsel has close to 35 years law practice experience and about 33 years experience practicing Employment Law in Alabama.

**5.** Please see **Attachment 2** to this Declaration, which shows my time associated with filing and practice related to Plaintiff's Motion to Compel in *Martha Swann v. East Alabama Medical Center*. I hold out to the Court and to Defendant EAMC that none of the actions noted or time expended in this Time Sheet were "excessive, redundant, or otherwise unnecessary." In fact, in more than a few letters and emails during the course of this action, undersigned Plaintiff's counsel has invoked, has referenced, Rule 1 of the Federal Rules, specifically with regard to Rule 1's admonishment that the Rules (and overall litigation) *"should be construed, administered, and employed by . . . the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."* At this writing, undersigned counsel has no memory or recollection of EAMC's counsel invoking Rule 1. This is no slight to Defendant or its able counsel – Plaintiff's counsel simply seeks to emphasize his commitment to Rule 1's directive.

**6.** For comparison purposes, undersigned counsel notes that in a 2024 Northern District of Alabama case, EAMC's lead counsel in this case, Warren Lightfoot, Esq., filed a motion for reasonable costs and attorney's fees (following his litigation team's filing a successful Motion to Compel) in which Mr. Lightfoot requested a lodestar of $600.00/hour (citing his then, as of September 2024, 33 years of experience); with his

law partner, Walter A. Dodgen, Esq., requesting $650.00/hour, citing 27 years of experience). "Timekeepers' Table" – *Anil Varshey v. Parsons Corporation, et al.*, 5:23-cv-00812-LCB [Doc. 79, p 7] (NOTICE OF SUBMISSION IN SUPPORT OF AWARD OF COSTS, FEES, AND EXPENSES – attached hereto as **Attachment 3**).

**7.** Undersigned counsel attaches the (redacted) Resume of his law clerk, Ms. Cate Moore, as well as her time sheet associated with Plaintiff's motion. Ms. Moore is a rising second-year law student at Cumberland School of Law. She graduated with honors from the University of Alabama. She is an active in multiple academic honor societies. Ms. Moore has experience drafting federal pleadings and motions, and conducting advanced legal research for publication. (**Attachments 4 and 5**). She's done excellent work in this case.

**8.** During the July 1, 2025, Conferring Telephone Call between EAMC's counsel (two attorneys are virtually always present on EAMC's end of the line or Zoom call), and undersigned Plaintiff's counsel, EAMC's lead counsel stated they will oppose Plaintiff's Motion for Attorney's Reasonable Costs and Attorney's Fees on the grounds that this Defendant's opposition was "substantially justified" and that the Court, "just didn't see it Defendant's way," or words to that effect. Undersigned Plaintiff's counsel responded (paraphrasing):  "There's no argument over whether Ms. Casey attended my client's grievance hearing as EAMC's 'legal representative' – we both agree she was *not* there in that capacity; and there's no argument that she knew facts, had viewpoints,

asked questions of my client, and that no one else in that room could read Ms. Casey's mind. So I don't know how your opposition was justified at all, let alone '*substantially*' justified." This did not sway Defense counsel. Lead Defense counsel just repeated that their opposition was "substantially justified," without providing any specifics as to how that was so.


Undersigned declarant certifies that the foregoing is true and correct to the best of his knowledge and memory and under penalty of perjury I execute and date this Declaration in testament thereto.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Richard R. Newton

Date:  July 1, 2025

# ATTACHMENT  1

Order in *Davenport v. Ivy Creek Healthcare*

Martha Swann v. East Alabama Medical Center

3:24-cv-00244-RAH-JTA

**Attachment 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RITA DAVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-436-KFP |
| | ) | |
| IVY CREEK HEALTHCARE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On January 6, 2021, Plaintiff Rita Davenport filed a Third Motion to Compel, which sought—for a third time—an Order compelling Defendant Ivy Creek Healthcare, LLC's responses to discovery and "whatever action the Court deems necessary to compel Defendant [to] produce the outstanding discovery and comply with the orders of this Court." Doc. 23 at 2. On January 7, 2021, the Court granted that motion and awarded Plaintiff reasonable expenses and attorney's fees incurred in filing three Motions to Compel. Doc. 24 at 3. The Court directed Plaintiff to file documentation demonstrating the reasonable expenses and fees incurred. *Id.* In compliance with that Order, Plaintiff submitted Documentation of Reasonable Fees (Doc. 25), which demonstrates a total of $1,330 in fees incurred in the filing of the three motions. For the reasons that follow, the undersigned finds that amount to be reasonable and Defendant and its counsel are ORDERED to pay Plaintiff's counsel $1,330 within 30 days of this Order.

## I.  BACKGROUND

On October 1, 2020, Plaintiff served Defendant with interrogatories and requests

for production, making Defendant's responses due on or before October 31, 2020. Doc. 17 at 1; *see* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A) (requiring party served with interrogatories and requests for production to respond within 30 days after service). When Plaintiff's counsel did not receive responses by November 24, 2020, he wrote to Defendant's counsel and asked for responses by December 3, 2020. Doc. 17 at 1. Defendant's counsel requested an extension until December 9, 2020, to which Plaintiff's counsel agreed. *Id.* However, Defendant failed to provide any responses by the extended deadline, so Plaintiff filed her First Motion to Compel. *Id.* The Court granted that motion and ordered Defendant to provide discovery responses by December 17, 2020. Doc. 18.

Defendant failed to respond by December 17, so Plaintiff filed her Second Motion to Compel. Doc. 19. The Court granted Plaintiff's second motion and ordered Defendant to (1) provide discovery responses by January 5, 2021 and (2) show cause why sanctions should not be imposed against it for failure to comply with Court orders. Doc. 20. Defendant responded, stating that it had been unable to provide discovery responses due to limited staffing caused by the COVID-19 pandemic and seeking another extension to provide its responses. Doc. 21.

Although the Court issued no ruling extending the January 5 deadline, Defendant nevertheless failed to provide discovery responses by that date, so Plaintiff filed its Third Motion to Compel. Doc. 23. The Court granted Plaintiff's third motion; ordered Defendant to provide discovery responses by January 11, 2021; and awarded Plaintiff reasonable expenses and attorney's fees incurred in filing the three Motions to Compel. Doc. 24. The

Court directed Plaintiff to file documentation demonstrating the reasonable expenses and fees incurred. *Id.*

In compliance with the Court's Order, Plaintiff filed her Documentation of Reasonable Fees currently pending before the Court. Doc. 25. In her documentation, Plaintiff's counsel represents that he spent a total of 3.8 hours on the Motions to Compel at a rate of $350 per hour for a total of $1,330.00. *Id.* at 3, 5-6.

## II.    DISCUSSION

In evaluating attorney's fees, the Court generally applies the "lodestar" method of multiplying the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, (1983); *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). To satisfy this burden, the fee applicant should provide: (1) specific and detailed evidence from which the Court can determine the reasonable hourly rate for the community and (2) records evidencing time spent on different claims and setting out with sufficient particularity the general subject matter of the time expenditures so that the Court can assess the time claimed for each activity. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). The Court has carefully reviewed the time expenditures submitted by Plaintiff's counsel (Doc. 25 at 5-6) and finds that 3.8 total hours spent on the three Motion to Compel and all related activities

is reasonable.

The Court also finds the claimed hourly rate of Plaintiff's counsel—$350 per hour—to be reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Morrison v. Veale*, No. 3:14cv1020, 2017 WL 6388960, at *4 (M.D. Ala. Dec. 14, 2017). Courts in this district have generally found that "skilled lawyers with twenty years or more experience may expect to receive $300 an hour." *Id.* at *5 (citing *Weekes-Walker v. Macon Cnty. Greyhound Park, Inc.*, 31 F. Supp. 3d 1354, 1360 (M.D. Ala. 2014); *Alfa Corp. v. Alfa Mortg., Inc.*, 560 F. Supp. 2d 1166, 1180 (M.D. Ala. 2008); *Simpleville Music v. Mizell*, 511 F. Supp. 2d 1158, 1163 (M.D. Ala. 2007); and *Gaylor v. Comal Credit Union*, 2012 WL 1987183 (M.D. Ala. June 1, 2012)). However, the findings of other courts—including courts in this district—regarding attorney's fees are not binding, and the undersigned finds that the slightly higher $350 hourly rate for Plaintiff's counsel in this case, an attorney with more than 30 years of legal experience, a 25-year specialization in Title VII employment law and litigation, and a solo practice, is reasonable. *See Norman*, 836 F.2d 1292 (a district court has wide discretion to rely on its own expertise and judgment in determining a reasonable hourly rate).

After determining the lodestar, the Court next addresses whether the award should be adjusted upwards or downwards. *Morrison*, No. 3:14cv1020, 2017 WL 6388960, at *3 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66 (1986) and *Neptune Designs*, 469 F.3d at 1359). In conducting this inquiry, the Court is

guided by the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Bivins v. Wrap It Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Morrison*, No. 3:14cv1020, 2017 WL 6388960, at *3. These twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bivins*, 548 F.3d at 1350 n.2 (citing *Johnson*, 488 F.2d at 717-19). The Court has considered these twelve factors and finds that no upward or downward adjustment is necessary. Thus, based on the amount of time and hourly rate approved by the Court, as set out above, an award of fees in the amount of $1,330 is appropriate in this case.

## III.   CONCLUSION

For the reasons set forth above, it is

ORDERED that Defendant and Defendant's counsel, jointly and severally, are sanctioned in the amount of $1,330 for failure to comply with multiple Court orders. This amount shall be paid to Plaintiff's counsel within 30 days of this Order.

DONE this 29th day of January, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT  2

## Motion to Compel Time Sheet
## for Richard Newton

Martha Swann v. East Alabama Medical Center

3:24-cv-00244-RAH-JTA

# RICHARD R. NEWTON

### Attorney at Law, P.C.

—————————————

### 7027 Old Madison Pike - Suite 108
### Huntsville, AL 35806

**Email:** richardrussellnewton@gmail.com                    **Phone:** (205) 356-2498

| DATE | ACTIVITY | HRS |
|------|----------|-----|
| 05.30.25 | Emails to / from Def./EAMC counsel re: need and justification to depose R Casey, in wake of EAMC deponent admissions coupled with EAMC prior admissions that Casey had <u>not</u> appeared at MJS's grievance hearing as an EAMC "legal representative." Same old arguments by WL: "apex" (no, she participated in the grievance hearing; others can't testify for what she said, her mindset, her reasons for attacking MJS and blowing off MJS's noting men violate rules w/o getting write ups / retaliation / etc. | 1.2 |
| 05.30.25 | Phone to client/MJS re: status of EAMC lawyers' stonewalling R Casey deposition. | 0.3 |
| 05.30.25 | Set up call to confer with EAMC lawyers (why always w/ two lawyers?) for Monday (02 June), 10:00a.m. re: Casey deposition impasse in order to avoid my having to file a Motion to Compel. | 0.1 |
| 06.16.25 | Draft / email letter to EAMC lawyers re: R Casey deposition; admonishment to counsel to actually show Deposition Notice and SDT to deponent, in contrast to several past EAMC deponents to whom Def counsel never bothered to provide such Notice / SDT to EAMC employee-deponents. | 0.4 |
| 06.01.25 | Begin drafting Motion to Compel in case cannot break stalemate tomorrow. I already know their arguments. | 0.8 |
| 06.02.25 | Prep for phone conference: Review last Friday's emails, EAMC's 12.20.24 Int Answers re: Casey's not appearing at grievance hearing as EAMC's legal rep, make notes, etc. | 0.3 |

*3.1*

# RICHARD R. NEWTON
### Attorney at Law, P.C.
───────────────

## 7027 Old Madison Pike - Suite 108
## Huntsville, AL 35806

**Email:** richardrussellnewton@gmail.com                                            **Phone:** (205) 356-2498

| DATE | ACTIVITY | HRS |
|------|----------|-----|
| 06.02.25 | TC with W. Lightfoot (w/ B. Phillips present in the background) re: Casey deposition. Impasse – W.L. tries to gaslight (?)... admits Casey not present at MJS grievance hearing as EAMC legal rep. / of course admits Casey was present, in person, yet somehow keeps saying "apex." Says won't use Casey "offensively," which is silly: First, she has information Plaintiff wants, period. Second, who cares about "offensively," they can always trot her out defensively / rebuttal wit. Weird. Impasse remains unbroken. Looks like will have to draft and file Mot to Compel. | 0.5 |
| 06.02.25 | Continue drafting Motion to Compel. | 1.4 |
| 06.02.25 | Receive email from W Lightfoot (he cc'd to B Phillips) with *Beeman v. Protective Life* case. Download and quick review. Will come back to. | 0.2 |
| 06.02.25 | Read and make notes on *Beeman*. Utterly inapplicable to present situation. What's WL trying to pull? | 0.5 |
| 06.02.25 | Finish up, review, edit, double-check and do <u>another</u> read-through; file Motion to Compel R Casey deposition. | 2.1 |
| 06.02.25 | Receive CM/ECF confirmation of Motion filing. Review and download to file. | 0.1 |
| 06.02.25 | Email copy of Motion to client, with notes commentary. | 0.3 |
| 06.02.25 | Draft / send W Lightfoot back re: his *Beeman* case and its inapplicability to present situation – no "buck stops here" issue; Casey has personal knowledge of facts (*Beeman* = Defense strawman argument). I note that I cited *Beeman* in Motion to Compel to support <u>Plaintiff's</u> argument. | 0.4 |

*5.5*

# RICHARD R. NEWTON

### Attorney at Law, P.C.

———————————

### 7027 Old Madison Pike - Suite 108
### Huntsville, AL 35806

**Email:** richardrussellnewton@gmail.com                    **Phone:** (205) 356-2498

| DATE | ACTIVITY | HRS |
|------|----------|-----|
| 06.03.25 | TEXT ORDER / email received re: P's Mot. to Compel; read, download and calendar (re: both Response and Reply deadlines). Note to file including note to call l. clerk C. Moore to do research on anticipated D Response arguments and our Reply. | 0.3 |
| 06.03.25 | Call with Cate M re: Motion, anticipated Response and our need to get a jump on it. Discuss generally what we need to look for and rapidly respond to it. I'll outline all in an email and ask Cate to research. | 0.5 |
| 06.03.25 | Review file and work on drafting questions / issues for Cate M to research and work up memo for me. | 0.5 |
| 06.03.25 | Draft my own Memo / List for Cate re: Reply topics, law, to anticipate Def's Response and head it off at the pass. | 0.8 |
| 06.03.25 | Receive l. clerk's email; confirm project parameters / details, email back to Cate. | 0.2 |
| 06.04.25 | Receive email / memo from Cate M. adfj review and make make notes to be incorporated into Reply (Response due day after tmw). I like *Simon v. Bridewell* and *In re TMX Fin. Of Tex., Inc.*, but S.W. Cases, not so useful here. | 1.5 |
| 06.04.25 | Follow up emails to / from Cate – her memo, cases found | 0.3 |
| 06.04.25 | Begin outlining Reply to Defendant's Response / Reply template, anticipating several of their arguments. | 0.5 |
| 06.06.25 | Receive, download and review D/EAMC Response to P's Motion to Compel; make notes on each of their various arguments. Mostly strawman stuff. D cites *Akridge* **2018**??? | 1.2 |

*5.8*

# RICHARD R. NEWTON
## Attorney at Law, P.C.
―――――――――――――――

7027 Old Madison Pike - Suite 108
Huntsville, AL 35806

**Email:** richardrussellnewton@gmail.com                    **Phone:** (205) 356-2498

| DATE | ACTIVITY | HRS |
|------|----------|-----|
| 06.06.25 | Email back from Cate re: D's Response; I reply back. Their arguments are lame, cases just state doctrine which doesn't apply to the facts here. *Akridge* case they cite was reversed by the Circuit! Weak sauce. C.M. Agrees and we put a plan in place for me to follow-up in writing with additional questions for research and to brainstorm on. | 0.4 |
| 06.07.25 | Go back through Cate's notes / cases and my outline. Begin process of incorp into Reply, will get Draft 1.0 done by tomorrow. | 0.6 |
| 06.07.25 | Email Cate with quests and receive reply on cases. Confirm cites; confirm nothing really new from Response (platitudes, but nothing applicable to *these* circumstances – other side's grabbing at straws). | 0.5 |
| 06.08.25 | Receive email from Cate w/ additional cases / arguments – review and note. | 0.4 |
| 06.08.25 | Draft Reply 1.0 – writing, editing, double-check case law; put Def's Response at hand to compare, etc. | 2.3 |
| 06.08.25 | Continue to draft, edit, re-work on and complete Reply 1.0. | 1.4 |
| 06.08.25 | Email Reply 1.0 to Cate with notes for her review / edits. | 0.4 |
| 06.09.25 | Email from Cate with her notes / edits (Draft 1.5), download review, and begin working from it to update to Draft 2.0. | 0.9 |
| 06.10.25 | Re-write / edit Reply and file Plaintiff's Reply. | 1.3 |

# RICHARD R. NEWTON
### Attorney at Law, P.C.
---

7027 Old Madison Pike - Suite 108
Huntsville, AL 35806

**Email:** richardrussellnewton@gmail.com                    **Phone:** (205) 356-2498

| DATE | ACTIVITY | HRS |
|------|----------|-----|
| 06.12.25 | Receive Order. Download and read, notes to file. Motion Granted. Depose R. Casey by June 20. Email Order to client. Telephone call w/ client and explain / discuss Order with her. | 0.7 |
| | | *8.9* |

**TOTAL TIME**                                              **23.0 Hours**

Richard Newton

# ATTACHMENT  3

## Opposing Counsel's Motion for Attorney's Fees and Lodestar in 2024 N. Dist. Ala. Case

Martha Swann v. East Alabama Medical Center

3:24-cv-00244-RAH-JTA

FILED

2024 Sep-16  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**Attachment 3**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ANIL VARSHNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 5:23-cv-00812-LCB |
| | ) | |
| PARSONS CORPORATION; | ) | |
| LLOYD J. AUSTIN, as | ) | |
| SECRETARY OF DEFENSE, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUBMISSION IN SUPPORT
## OF AWARD OF COSTS, FEES, AND EXPENSES

Plaintiff Anil Varshney ("Varshney"), pursuant to this Court's Order dated September 9, 2024 (Doc. 71), hereby submits the Declaration of Warren B. Lightfoot, Jr. in support of an award of costs, fees, and expenses based on Mr. Varshney's Opposition to Motion for Protective Order, Motion to Compel Depositions, and Motion for Costs ("Motion to Compel," Doc. 41).

The legal services Maynard Nexsen provided in connection with Mr. Varshney's Motion to Compel were reasonably necessary to obtain the relief afforded by the Court's Order, including conferring with Parsons' counsel on August 1 through August 5, 2024 regarding its various reasons to postpone or cancel the depositions that had been properly noticed; appearing for the first canceled deposition on August 2, 2024; strategizing, drafting, and briefing the Motion to

Compel and Reply in Support of Motion to Compel (Docs. 41, 53, 54) and response to Motion to Modify Scheduling Order (which was contained in Parsons' Opposition to Motion to Compel); researching for these filings; and preparing for and appearing for the August 9, 2024 hearing on Parsons' Motion for Protective Order and Mr. Varshney's Motion to Compel.[1]

Respectfully submitted on September 16, 2024,

*/s/ Warren B. Lightfoot, Jr.*
Walter A. "Tod" Dodgen
Warren B. Lightfoot, Jr.
John B. Holmes, III
Jennifer Hanson Wheeler

*Attorneys for Plaintiff Anil Varshney*

OF COUNSEL:
Walter A. "Tod" Dodgen
Maynard Nexsen PC
665 Gallatin St SW
Huntsville, AL 35801
Telephone: (256) 551-0171
Fax: (205) 254-1999
Email: tdodgen@maynardnexsen.com

Warren B. Lightfoot, Jr.
John B. Holmes, III
Jennifer Hanson Wheeler
Maynard Nexsen PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
Telephone: (205) 254-1000

---

[1] Mr. Varshney will file a separate motion for costs and sanctions related to responding to Parsons' bad faith filing of its Motion to Disqualify.

2

Fax: (205) 254-1999
Email: wlightfoot@maynardnexsen.com
        jholmes@maynardnexsen.com
        jwheeler@maynardnexsen.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2024, I filed the foregoing using the Court's CM/ECF which electronically served a true and correct copy of the foregoing on all counsel of record:

G. Bartley Loftin, III
Angela M. Schaefer
Amanda James Turnage
Loftin Holt Hall & Hargett LLP
200 Clinton Ave. W, Suite 405
Huntsville, Alabama 35801
bartley@loftinholt.com
angela@loftinholt.com
amanda@loftinholt.com

C. Lee Reeves II
Allison M. Walter
Keri Lane Berman
Faith E. Lowery
U.S. Department of Justice Civil Division, Federal Programs
1100 L Street NW Washington, DC 20005
lee.reeves2@usdoj.gov
allison.m.walter@usdoj.gov
keri.l.berman@usdoj.gov
faith.e.lowery@usdoj.gov

*/s/ Warren B. Lightfoot, Jr.*
OF COUNSEL

**FILED**

2024 Sep-16  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| ANIL VARSHNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CASE NO. 5:23-cv-00812-LCB |
| | ) |
| PARSONS CORPORATION; | ) |
| LLOYD J. AUSTIN, as | ) |
| SECRETARY OF DEFENSE, | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF WARREN B. LIGHTFOOT, JR.
## IN SUPPORT OF PLAINTIFF'S MOTION FOR COSTS AND FEES

I, **Warren B. Lightfoot, Jr.**, being duly sworn, state the following under penalty of perjury:

1.    My name is Warren B. Lightfoot, Jr., and I am over the age of nineteen (19), of sound mind, and am otherwise competent to make this Declaration.

2.    I am an attorney in the law firm Maynard Nexsen PC ("Maynard Nexsen"), and I represent the Plaintiff Anil Varshney ("Mr. Varshney") in the above-styled action.

3.    I am familiar with the business records maintained by Maynard Nexsen in connection with Maynard Nexsen's representation of Mr. Varshney in this case.

4.    Except as otherwise indicated herein, all facts set forth in this declaration are based upon my personal knowledge and my review of relevant

documents and information in my custody and control, which are maintained by Maynard Nexsen in the ordinary course of its business.

5. As of the date of this Declaration, Mr. Varshney's reasonable attorneys' fees and expenses to Maynard Nexsen related to his Opposition to Motion for Protective Order, Motion to Compel Depositions, and Motion for Costs are **$49,413.24** (the "Motion to Compel").

6. Attached as **Exhibit A** is a spreadsheet[1] detailing the attorneys' fees incurred for services rendered by Maynard Nexsen in connection with Mr. Varshney's Motion to Compel.

7. Pursuant to the Court's Initial Order, these entries were recorded contemporaneously with the time expended, except where they were revised to separate time attributable to Mr. Varshney's Motion to Compel from any other time on this matter. These entries are recorded to the nearest 1/10 of an hour.

8. Attached as **Exhibit B** is a spreadsheet detailing the expenses incurred by Maynard Nexsen in connection with Maynard Nexsen in connection with Mr. Varshney's Motion to Compel.

9. Attached collectively as **Exhibit C** are firm biographies of all billing attorneys on this Case who have performed services in connection with Maynard

---

[1] An invoice for the time entries reflected on this spreadsheet has not yet been generated.

Nexsen in connection with Mr. Varshney's Motion to Compel.

10.  In representing Mr. Varshney in connection with his Motion to Compel, Maynard Nexsen has charged the following rates for the following timekeepers identified on Exhibit A:

| Timekeeper | Title | Experience | Hourly Rate | Hours Billed | Fees Billed |
|---|---|---|---|---|---|
| Lightfoot, Jr., Warren B. (WBL) | Shareholder | 33 years | $600 | 34.8 | $20,940.00 |
| Dodgen, Walter A. (WAD) | Shareholder | 27 years | $660 | 12.5 | $8,250.00 |
| Wheeler, Jennifer H. (JHW) | Shareholder[2] | 14 years | $430 | 29.6 | $12,728.00 |
| Brand, Mary Anna (MAB) | Associate | 1 year | $320 | 21.1 | $6,752.00 |
| Brantley, Lisa (LB) | Paralegal | 30 years | $260 | 0.6 | $156.00 |
| Total Fees | | | | | $48,826.00 |

11.  The hourly rates that Maynard Nexsen has charged for its attorneys' services in this Case are within the range customarily charged by other attorneys of comparable experience and expertise in Alabama for similar legal services when the services were rendered.

12.  The legal services Maynard Nexsen provided in connection with Mr.

---

[2] Ms. Wheeler's title was Of Counsel from the time she began working on this matter in October 2022 until January 2024.

Varshney's Motion to Compel were reasonably necessary to obtain the relief afforded by the Court's Order, including conferring with Parsons' counsel on August 1 through August 5, 2024 regarding its various reasons to postpone or cancel the depositions that had been properly noticed; appearing for the first canceled deposition on August 2, 2024; strategizing, drafting, and briefing the Motion to Compel and Reply in Support of Motion to Compel (Docs. 41, 54) and response to Motion to Modify Scheduling Order (which was contained in Parsons' Opposition to Motion to Compel) (Doc. 53); researching for these filings; and preparing for and appearing for the August 9, 2024 hearing on Parsons' Motion for Protective Order and Mr. Varshney's Motion to Compel.[3]

Pursuant to 28 U.S.C. § 1746 and to the best of my knowledge and belief, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted, this the 16th day of September, 2024.

Warren B. Lightfoot, Jr.

---

[3] Counsel for Mr. Varshney excluded a portion of the hearing attendance reasonably attributable to Parsons' Motion to Disqualify. Mr. Varshney has also not sought the substantial fees connected with re-scheduling the cancelled depositions after the August 9, 2024 hearing.

## Exhibit A

### (Time Entries for Attorneys' Fees)

| Date | Time Keeper | Description of Services Rendered | Time | Amount |
|---|---|---|---|---|
| 8/1/2024 | MAB | Confer with J. Wheeler and W. Lightfoot regarding deposition notices and motion for protective order. | 1.5 | $480.00 |
| 8/1/2024 | MAB | Research and evaluate case law concerning the requirements for valid deposition notices in light of defendant's threat to cancel depositions. | 0.4 | $128.00 |
| 8/1/2024 | MAB | Research and evaluate case law regarding whether filing a motion for protective order excuses a party's absence from a properly noticed deposition. | 1.4 | $448.00 |
| 8/1/2024 | WAD | Attention to privilege and conflict issues raised by opposing counsel; review correspondence with opposing counsel; conferences with W. Lightfoot and J. Wheeler regarding same; call with M. Aiken. | 1.2 | $792.00 |
| 8/1/2024 | WBL | Emails and telephone conference with Varshney team regarding canceling depositions and strategy; attention to file regarding deposition fight and strategy; emails with plaintiff's counsel regarding same; review motion for protective order; emails and telephone conference with Varshney team regarding same; email with Parsons' counsel regarding same; correspond with client regarding status of discovery. | 5.1 | $3,060.00 |
| 8/1/2024 | JHW | Draft response to D. English regarding postponing depositions and extension of discovery and other issues; correspond with W. Lightfoot and T. Dodgen | 2.1 | $903.00 |

| Date | Time Keeper | Description of Services Rendered | Time | Amount |
|------|-------------|----------------------------------|------|--------|
|  |  | regarding same and strategy regarding discovery after same. |  |  |
| 8/1/2024 | JHW | Receive and review multiple additional correspondence from D. English regarding depositions and various reasons for canceling same; multiple telephone calls with W. Lightfoot and T. Dodgen regarding strategy for response to D. English and strategy for discovery; telephone call with client regarding same; telephone call with M.A. Brand regarding research issues. | 2.6 | $1,118.00 |
| 8/1/2024 | JHW | Telephone call with W. Lightfoot and T. Dodgen regarding conflict issue raised by Parsons; review and analyze past emails regarding waiver of same. | 0.5 | $215.00 |
| 8/1/2024 | JHW | Receive and review motion for protective order and W. Lightfoot email response to same. | 0.5 | $215.00 |
| 8/1/2024 | JHW | Analyze case law regarding validity of deposition notices and effect of filing motion for protective order; conferences with Maynard team regarding same. | 0.5 | $215.00 |
| 8/2/2024 | MAB | Continue research for opposition to defendant's motion for protective order; motion to compel depositions; and motion for costs; conference with W. Lightfoot and J. Wheeler regarding same. | 1.0 | $320.00 |
| 8/2/2024 | MAB | Draft and revise opposition to defendant's motion for protective order; motion to compel depositions; and motion for costs. | 4.9 | $1,568.00 |
| 8/2/2024 | MAB | Analyze defendant's motion for protective order in preparation for drafting opposition brief. | 0.5 | $160.00 |

| Date | Time Keeper | Description of Services Rendered | Time | Amount |
|------|-------------|--------------------------------|------|--------|
| 8/2/2024 | WAD | Attention to motion for protective order; conferences with W. Lighfoot and J. Wheeler regarding same; exchange various correspondence with opposing counsel regarding delay of discovery; revise opposition brief. | 2.9 | $1,914.00 |
| 8/2/2024 | WBL | Attend cancelled deposition in Huntsville; conferences with client regarding same; telephone conferences with client and M.A. Brand regarding response to motion for protective order; attention to file regarding other depositions and cancellation; draft and edit response to motion for protective order; telephone conferences with Maynard team regarding cancellation issues, costs, and strategy. | 8.3 | $4,980.00 |
| 8/2/2024 | JHW | Telephone call with W. Lightfoot regarding strategy for next steps if B. Clemons does not appear for deposition. | 0.6 | $258.00 |
| 8/2/2024 | JHW | Attend B. Clemons's deposition remotely; telephone call with W. Lightfoot and client regarding same and Parsons' failure to appear. | 0.5 | $215.00 |
| 8/2/2024 | JHW | Multiple correspondence with Parsons' counsel regarding Monday's depositions and whether they will be cancelled; conference with Maynard team regarding same. | 0.4 | $172.00 |
| 8/3/2024 | MAB | Strategize and correspondence with J. Wheeler; W. Lightfoot; and T. Dodgen regarding opposition to defendant's motion for protective order; motion to compel depositions; and motion for costs. | 1.5 | $480.00 |
| 8/3/2024 | MAB | Revisions to opposition to defendant's motion for protective order; motion to | 5.3 | $1,696.00 |

| Date | Time Keeper | Description of Services Rendered | Time | Amount |
|---|---|---|---|---|
| | | compel depositions; motion for costs; and supporting exhibits. | | |
| 8/3/2024 | LB | Revise and finalize the motion to compel depositions and motion for costs with corresponding exhibits. | 0.6 | $156.00 |
| 8/3/2024 | WBL | Telephone conferences with Varshney team regarding edits to motion and strategy for same. | 2.0 | $1,200.00 |
| 8/3/2024 | JHW | Work on reply in support of motion to compel depositions and for costs; telephone calls with W. Lightfoot, T. Dodgen, and M.A. Brand regarding same. | 3.5 | $1,505.00 |
| 8/4/2024 | WBL | Strategize regarding motion, response to attorneys, and deposition preparation; emails with opposing counsel regarding depositions; conferences with J. Wheeler regarding same. | 3.1 | $1,860.00 |
| 8/4/2024 | JHW | Work on deposition strategy in light of defense counsel's threatened cancellation of additional depositions; conference with W. Lightfoot regarding same; correspond with defense counsel regarding same. | 2.8 | $1,204.00 |
| 8/5/2024 | WAD | Receipt, review, and analysis of Motion to Continue; conference with Maynard team and client. | 0.5 | $330.00 |
| 8/5/2024 | WBL | Emails with D. English regarding depositions and cancellation; emails and telephone conference with Varshney team regarding same and strategy; draft and edit email to court regarding impasse; correspond with client regarding same. | 2.5 | $1,500.00 |
| 8/5/2024 | JHW | Strategize regarding next steps after cancellation of depositions; receive and review Parsons' motion to extend | 1.5 | $645.00 |

| Date | Time Keeper | Description of Services Rendered | Time | Amount |
|------|-------------|--------------------------------|------|--------|
| | | scheduling order; strategize regarding response to same; correspond with client regarding status of discovery and cancellation of today's deposition. | | |
| 8/5/2024 | JHW | Work on response to motion to extend scheduling order. | 1.7 | $731.00 |
| 8/6/2024 | MAB | Draft and revise opposition to defendant's motion to modify scheduling order. | 1.6 | $512.00 |
| 8/6/2024 | MAB | Research case law regarding use of background evidence to support Title VII claims even when outside the statute of limitations, to utilize in response to motion for protective order. | 1.5 | $480.00 |
| 8/6/2024 | MAB | Conferences with J. Wheeler and T. Dodgen regarding opposition to motion to modify scheduling order; revisions to same. | 0.7 | $224.00 |
| 8/6/2024 | WAD | Revise opposition to Motion to Modify Schedule Order; multiple conferences with Maynard team regarding same; work on hearing preparation for same. | 4.2 | $2,772.00 |
| 8/6/2024 | WBL | Emails with Varshney team regarding responses to motions; review court orders regarding motions, seal, and briefing; telephone conference with Varshney team regarding hearing and strategy; review and edit response motion to compel; telephone conference with J. Wheeler regarding same and strategy. | 1.8 | $1,080.00 |
| 8/6/2024 | JHW | Work on response to motion to modify scheduling order, and reply in support of motion for leave to amend and motion to compel. | 3.9 | $1,677.00 |
| 8/7/2024 | WAD | Make additional revisions to filings and attention to hearing preparation. | 1.9 | $1,254.00 |

| Date | Time Keeper | Description of Services Rendered | Time | Amount |
|---|---|---|---|---|
| 8/7/2024 | WBL | Telephone conference with Varshney team regarding themes and strategy for hearing; review and edit reply brief for motion to compel; telephone conference with J. Wheeler regarding same; telephone conference with PR firm regarding same. | 1.6 | $960.00 |
| 8/7/2024 | JHW | Revise reply brief in support of motion to compel. | 1.5 | $645.00 |
| 8/8/2024 | MAB | Assist with preparation for hearing regarding the parties' discovery motions. | 0.4 | $128.00 |
| 8/8/2024 | MAB | Confer with J. Wheeler and L. Brantley regarding preparation for hearing on parties' discovery motions. | 0.4 | $128.00 |
| 8/8/2024 | WAD | Conferences with Maynard team in advance of hearing on motion to compel. | 1.1 | $726.00 |
| 8/8/2024 | WBL | Prepare for hearing on motion to compel and motion for protective order. | 2.2 | $1,320.00 |
| 8/8/2024 | JHW | Finalize and coordinate reply brief for filing. | 0.7 | $301.00 |
| 8/8/2024 | JHW | Conference with W. Lightfoot regarding strategy for hearing. | 1.3 | $559.00 |
| 8/9/2024 | WAD | Conference with Maynard team in advance of hearing on pending motions; continued development of arguments for motion to compel and motion for protective order. | 0.7 | $462.00 |
| 8/9/2024 | WBL | Prepare for and attend hearing in Huntsville on motion to compel, and motion for protective order (excluding motion to disqualify portion of hearing). | 8.3 | $4,980.00 |
| 8/9/2024 | JHW | Final preparation for hearing on motion to compel and motion for protective order; conferences with W. Lightfoot regarding same; participate in hearing on pending motions (excluding motion to disqualify portion of hearing). | 5.0 | $2,150.00 |

| Date | Time Keeper | Description of Services Rendered | Time | Amount |
|------|-------------|----------------------------------|------|--------|
|      |             | Total Fees                       |      | $48,826.00 |

## Exhibit B

## (Costs and Expenses)

| Date | Description | Amount |
|------|-------------|--------|
| 8/2/2024 | VENDOR: Warren B. Lightfoot INVOICE#: DP3903151408061406 DATE: 8/6/2024 TRAVEL EXPENSE mileage to and from Huntsville for deposition of Brian Clemons | $136.30 |
| 8/2/2024 | Court Reporter Appearance Fee | $300.00 |
| 8/9/2024 | VENDOR: Wheeler, Jennifer INVOICE#: DP3918293708152004 DATE: 8/15/2024 TRAVEL EXPENSE Mileage to hearing in Huntsville. | $149.94 |
| 8/9/2024 | VENDOR: Wheeler, Jennifer INVOICE#: DP3918293708152004 DATE: 8/15/2024 TRAVEL EXPENSE Parking at hearing in Huntsville. | $1.00 |
| | **Total Expenses** | **$587.24** |

**Exhibit C**

**(Attorney Biographies)**



# Warren B. Lightfoot, Jr.

**SHAREHOLDER**

**205.254.1085**
**wlightfoot@maynardnexsen.com**
Birmingham, AL

## Practices

**Non-Competes, Unfair Competition & Trade Secrets**
**Intellectual Property Litigation**
**Compliance & Risk Management**
**Employment & Labor Law**
**Intellectual Property Law**

## Education

**Vanderbilt University Law School**
(1991, J.D., Vanderbilt Journal of Transnational Law, Editorial Staff)

**University of Virginia**
(1988, B.A.)

## Admissions

State Bar: Alabama

U.S. District Court: Alabama (Northern, Middle, Southern)

U.S. Court of Appeals: Eleventh Circuit, District of Columbia Circuit

Warren is a Shareholder and Member of Maynard Nexsen's Litigation Section. A Member of the Firm's Labor & Employment Practice, he has more than 30 years of experience representing and advising clients in all aspects of labor and employment matters, including significant wage and hour and federal discrimination litigation. Warren's commercial litigation and business tort practices encompass all aspects of non-compete enforcement, trade secret litigation, and competitive torts, as well as fraud, contract, and insurance disputes. He has successfully litigated dozens of such cases as lead counsel, and in his business tort practice, has obtained or defended companies against injunctions across the country.

Highly respected by his peers, Warren served as Chairman of the Alabama State Bar Labor & Employment Section and is a Fellow of the College of Labor & Employment Lawyers. His skills and accomplishments as a lawyer have earned him numerous accolades, among which are his distinction as a Leading Practitioner in Labor & Employment by Chambers USA: America's Leading Lawyers for Business. He is also consistently included in The Best Lawyers in America© for his experience in the areas of Employment Management, Litigation: Labor and Employment, and Litigation: Mining Law, as



/// 3

well as in Alabama Super Lawyers and Mid-South Super Lawyers in the area of Employment and Labor Law.





# Walter A. "Tod" Dodgen

**SHAREHOLDER, HUNTSVILLE OFFICE
MANAGING SHAREHOLDER**

**256.512.0118**

**tdodgen@maynardnexsen.com**
Huntsville, AL

## Practices

**Business & Commercial Disputes**
**Real Estate Litigation**

## Education

**University of Alabama School of Law**
(1997, J.D., *summa cum laude*; Dean M. Leigh
Harrison Scholar; Order of the Coif; Senior
Editor, Alabama Law Review; Hugo Black
Scholar Award (Class Rank 1/189))

**University of Alabama**
(1994, B.S., *magna cum laude*; Corporate
Finance and Investment Management; Jasons,
President; Student Court Chief Justice,
Anderson Society; Phi Gamma Delta Fraternity)

## Admissions

State Bar: Alabama, Tennessee, Wyoming

U.S. District Court: Alabama (Northern, Middle,
Southern)

U.S. Court of Appeals: Eleventh Circuit

U.S. Court of Federal Claims

Tod is a veteran trial lawyer who represents companies and stakeholders involved in complex business disputes. He has appeared as lead counsel in courts across the country and various international tribunals and has a proven track record of creative and aggressive representation, particularly from the plaintiff's side of the "v." He is adept at coordinating legal teams and strategy that involve the intersection of multiple disciplines and venues and has recovered hundreds of millions of dollars for his business clients.

He has navigated successful outcomes in high stakes, bet-the-company cases in the cryptocurrency, software, real estate, oil and gas, firearms, healthcare, pharmaceutical, and government contracts industries. Utilizing the Firm's national footprint, Tod has served as lead counsel in more than nineteen states, and his skill set covers a broad spectrum of substantive areas, including business torts, corporate governance/derivative litigation, intellectual property litigation, litigation arising from merger and acquisition transactions, commercial contract disputes and matters involving the acquisition, sale and development of commercial real property.



Tod's cases often receive national media coverage, and he frequently litigates matters of first impression involving novel legal theories and emerging industries. Tod serves as the Managing Shareholder of the Firm's Huntsville Office.

Tod's skills as a litigator have earned him recognition by *Super Lawyers* in the area of Business Litigation, Best Lawyers in America, and an AV Preeminent™ Rating by Martindale-Hubbell.

Complex Business Litigation Experience
A substantial portion of Tod's practice involves representing clients in litigation arising from M&A and other business transactions. Some of his recent experience includes representing:

→ Founding shareholders and provider of health care services to a Latin American government in a fraud and RICO case pending in federal district court and involving 3 related state court proceedings

→ International merchant bank in tortious interference case in Delaware Superior Court arising out of proposed sale of privately held securities

→ National pharmaceutical cooperative in the seminal opioid litigation filed by the state of West Virginia arising out of the opioid epidemic

→ National pharmaceutical cooperative in the Opioid MDL and various related state court proceedings

→ Portfolio software company and 26 worldwide subsidiaries in six week bench trial over an earn out provision and fraud claims arising out of asset purchase transaction

→ Publicly traded jet engine manufacturer in two week jury trial arising out of post-merger indemnity obligations of founding shareholders

→ International merchant bank in acquisition dispute over the sale of pharmaceutical



/// 6

company to Chinese investor in California state court

→ Purchaser of demilitarized F-5 aircraft in a theft, fraud and title dispute involving parallel litigation proceedings in Oklahoma state court, Florida state court and federal bankruptcy court

→ Sellers against publicly traded Fortune 300 company in nine figure fraud-in-the-inducement acquisition dispute; obtained adverse jury instruction against chairman of board for intentional destruction of evidence

→ Former bank director in breach of fiduciary duty and fraud action filed by the FDIC and companion coverage dispute arising out of bank's regional loan portfolio at the time of the 2008 financial crisis

→ Majority owner in oil and gas service provider in derivative/breach of fiduciary duty litigation arising from the BP oil spill

→ Minority owners of payment processing technology company in corporate oppression and derivative litigation against majority shareholder

→ Purchaser of demilitarized F-5 aircraft in a theft, fraud and title dispute involving parallel litigation proceedings in Oklahoma state court, Florida state court and federal bankruptcy court

→ Sellers against publicly traded Fortune 300 company in nine figure fraud-in-the-inducement acquisition dispute; obtained adverse jury instruction against chairman of board for intentional destruction of evidence

→ Former bank director in breach of fiduciary duty and fraud action filed by the FDIC and companion coverage dispute arising out of bank's regional loan portfolio at the time of the 2008 financial crisis

→ Majority owner in oil and gas service provider in derivative/breach of fiduciary duty litigation arising from the BP oil spill

→ Minority owners of payment processing technology company in corporate oppression and derivative litigation against majority shareholder

IP Litigation Experience

Tod has represented a wide variety of companies involved in intellectual property disputes arising from patents, trademarks and copyrights. He has successfully defended and prosecuted infringement and trade secret claims in both state and federal courts and litigated numerous IP licensing issues.

His recent engagements include representing:

→ Cosmetics company in trademark and trade dress infringement litigation in First and Eleventh Circuits

→ Minority owner of international cryptocurrency firm in shareholder and IP disputes in Bermuda and New York

→ Firearms manufacturer in trademark infringement/licensing litigation against national wholesaler and in subsequent bankruptcy proceeding

→ Licensee of biometric technology in patent infringement action

→ International commercial ink and printer manufacturer in post-merger arbitration arising from earn out provision and distribution agreement

Real Property Litigation Experience

Tod has a national practice representing developers, owners, bondholders, landlords and tenants in litigation and arbitration proceedings. He has successfully handled matters involving purchase/sale contracts and options, including acquisition, specific performance and escrow disputes; fraud and rescission claims; management and operating agreements for



resorts, hotels and shopping centers; ownership issues, including partnership and entity disputes, succession, squeeze-out and dissolution; commercial leases; and construction disputes.

Notable engagements include representing:

→ Auction company in parallel proceedings in Panama, Texas and Alabama arising out of sale of Panamanian resort

→ Developer of proposed $60 million project in litigation by adjacent property owner seeking to prevent construction

→ Purchaser of multi-family property in fraud litigation

→ Owner in multi-state litigation with tenant over lease termination

→ National retail tenant in litigation over redevelopment of $50M retail facility

→ Retail tenant in national multi-location lease termination dispute

→ Owner of 330,000 square foot distribution center in dispute with developer

→ Seller in earn out dispute related to sale of 550,000 square foot retail facility

→ Owner in arbitration against contractor and architect over acoustical issues with mixed use residential/retail development

→ Owner of hotel in arbitration over design/construction issues

→ Owner of 500,000 square foot retail center in arbitration over design/construction issues

→ Owner in qui tam action brought by developer for alleged lease kickbacks and Stark violations

Tod also regularly advises clients and litigates land use regulations against governmental entities, including matters related to zoning, taxes, easements, overlay districts, deed restrictions, historical preservation, conditional



use permits, private road use and construction, appropriation and competitive bidding.

### Representative Decisions

→ Diamond Fortress Technologies, Inc., and Charles Hatcher, II v. EverID, Inc., C.A. No. N21C-05-048 PRW CCLD, 2022 WL 1114528 (Del. Super. Ct. Apr. 14, 2022)

→ West Virginia ex, rel. Morrissey v. AmerisourceBergen Drug Corp., 2013 W6 1305575 (S.D. W. Va. Mar. 27, 2013)

→ Rismed Oncology Systems, Inc. v. Daniel Esgardo Rangel Baron, 638 Fed. Appx 800 (11th Cir. 2015)

→ Buck v. CH Highland, LLC, — So. 3d —, No. 2150220, 2016 WL 3221095 (Ala. Civ. App. June 10, 2016)

→ Alabama Concrete Co., Inc. v. Argos Cement, LLC, No. 5:14-cv-01940-MHH, 2015 WL 5693614 (N.D. Ala. Sept. 29, 2015)

→ Huntsville Golf Dev., Inc. v. Estate of Brindley, No. 5:13-CV-00870-MHH, 2015 WL 5693608 (N.D. Ala. Sept. 29, 2015)

→ United States ex rel. Wilson v. Crestwood Healthcare, L.P., No. CV–11–S–3361–NE, 2012 WL 1886351 (N.D. Ala. May 18, 2012)

→ Huntsville Times Co. Inc. v. United States, 98 Fed. Cl. 100 (2011)

→ Ex parte Bentley, 50 So. 3d 1063 (Ala. 2010)

→ Intergraph Corp. v. Bentley Systems Inc., 58 So. 3d 63 (Ala. 2010)

→ Technical Innovation, Inc. v. United States, 93 Fed. Cl. 276 (2010)

→ Neeley v. Gateway, Inc., 977 So. 2d 511 (Ala. Civ. App. 2007)

→ Bentley Systems, Inc. v. Intergraph Corp., 922 So. 2d 61 (Ala. 2005)



/// **10**



# Jennifer Hanson Wheeler

**SHAREHOLDER**

**205.488.3603**
**jwheeler@maynardnexsen.com**
Birmingham, AL

## Practices

**Employment & Labor Law**

## Education

**University of Alabama School of Law**
(2010, J.D., *cum laude,* Alabama Law Review, Articles Editor and Member of the Managing Board; Moot Court: Campbell Moot Court Board and Tax Law Moot Court Team; Honor Court, Associate Justice; Order of Barristers; Bench and Bar Legal Honor Society)

**University of Alabama**
(2007, B.S., *summa cum laude*, in Secondary Education and Mathematics, University Honors Program; Phi Eta Sigma Honor Society; Pi Mu Epsilon Honor Societies)

## Admissions

State Bar: Alabama

U.S. District Court: Alabama (Northern, Middle, Southern)

U.S. Court of Appeals: Eleventh Circuit

## Clerkships

The Honorable Paul W. Greene
United States District Court for the Northern District of Alabama

The Honorable Inge P. Johnson

Jennifer is a skilled employment lawyer with a diverse background in business and commercial litigation. She now devotes her practice to the representation of management in all areas of labor and employment law, but her past experience representing all types of clients (from farmers to entrepreneurs to large corporations) and across industries provides her with a unique perspective that benefits her clients. Jennifer's colleagues describe her as smart, hard-working, and collegial; she enjoys getting to know her clients and works earnestly toward their goals.

Jennifer's extensive experience benefits clients in a multitude of EEO and employment-related matters, including advising and litigating claims arising under the FMLA, FLSA, Title VII, Section 1981, ADEA, ADA, WARN, and other analogous state discrimination and tort laws across the country. Jennifer also has experience litigating and providing advice relating to the enforceability of employment agreements and non-compete agreements, providing advice and risk analysis related to employee handbooks and separations, and conducting investigations into workplace issues.



/// 11

United States District Court for the Northern
District of Alabama

### Advice & Counsel

Jennifer provides advice and risk mitigation
strategies for employers of all sizes relating to
employee hiring and separation, requests for
leave or accommodations, and complaints of
discrimination or retaliation. Jennifer has
experience representing the newest wave of
employers, including those who are fully-remote
or remote-first and employers who have workers
across the country. Jennifer is committed to
helping clients avoid costly litigation and
minimize the potential for liability. She assists
clients with drafting and developing employee
policies, handbooks, and training strategies to
comply with the myriad of federal and state
laws and reduce the risk of employment liability.

### Investigations & Severance Issues

Jennifer has experience conducting sensitive
internal investigations of potential wrongdoing
and providing support to employers conducting
such investigations. She provides advice when
such internal investigations lead to termination
of employees of all levels. She advises
employers conducting layoffs, prepares
agreements relating to the separation and
severance of employees in layoff or termination
situations, and negotiates the terms of
separation for all levels of employees.

### Employment Litigation

When litigation inevitably occurs, Jennifer draws
upon her experience to seek favorable
outcomes. Jennifer has represented and
defended clients in front of the EEOC, in
arbitration, and in court at both the trial and
appellate levels, including successfully arguing
appeals before the Eleventh Circuit Court of
Appeals. She has won numerous motions to
dismiss and summary judgment victories for her
clients. She also recognizes the benefits of early
resolution and is successful in resolving claims
through mediation and settlement discussion.

Before joining the Firm, Jennifer clerked for two
federal judges and was a partner at a



Birmingham law firm, primarily practicing business and commercial litigation and employment law. Jennifer earned her J.D., *cum laude*, from the University of Alabama School of Law and a B.S., *summa cum laude*, from the University of Alabama.





# Mary Anna Brand

**A S S O C I A T E**

**251.432.0024**
**mbrand@maynardnexsen.com**
Mobile, AL

## Practices

**Employment & Labor Law**

## Education

**University of Mississippi School of Law**
(2023, J.D., *summa cum laude*; Editor-in-Chief,
*Mississippi Law Journal*, Volume 92)

**Samford University**
(2020, B.A., *cum laude*)

## Admissions

State Bar: Alabama, Florida

U.S. District Court: Alabama (Southern, Middle),
Florida (Northern, Middle)

Mary Anna Brand is an Associate in Maynard Nexsen's Employment & Labor practice group. Mary Anna assists clients with day-to-day personnel matters and employee handbooks to ensure compliance with applicable laws, to avoid costly litigation, and to prepare a sound defense in the event of litigation. Mary Anna represents employers across numerous economic sectors in a variety of disputes arising under federal and state law, including claims for discrimination, retaliation, wage & hour violations, breach of contract, and fraud.

Mary Anna earned her J.D., *summa cum laude*, from the University of Mississippi School of Law, where she served as the Editor-in-Chief of the *Mississippi Law Journal* and was a member of the Phi Delta Phi and Phi Kappa Phi Honor Societies.





# ATTACHMENT  4

## Law Clerk Cate Moore's Resume

Martha Swann v. East Alabama Medical Center

3:24-cv-00244-RAH-JTA

**Attachment 4**

# CATE MOORE

████████████ Birmingham, Alabama 35223 ████████ @samford.edu · (251) ████████

## EDUCATION

**Samford University, Cumberland School of Law** | Birmingham, Alabama
*Juris Doctor* anticipated, May 2027

<u>Activities:</u> Cordell Hull Speakers Forum (*Vice Chair*), Women in Law, Federalist Society, Christian Legal Society, First-Generation Law Society, Alabama Student Bar Association

**The University of Alabama, Culverhouse College of Business** | Tuscaloosa, Alabama
Bachelor of Science in Commerce and Business Administration, *cum laude*, May 2024
Major: Business Management | Concentration: Entrepreneurship | Minor: Real Estate
GPA: 3.629/4.0

<u>Awards and Honors:</u>    Cynthia Lanford Award for Loyalty & Excellence | Kappa Kappa Gamma, *Gamma Pi*
Mortar Board Honor Society | *Hypatia Chapter*
Omicron Delta Kappa Honor Society | *Iota Circle*
Order of Alpha Greek Honor Society
Order of Omega National Greek Honor Society | *Beta Alpha Chapter*
Rho Lambda Greek Women's Honor Society
Alpha Lambda Delta Honor Society
Phi Eta Sigma Honor Society

<u>Leadership:</u> Kappa Kappa Gamma (*Chapter President*), Alabama Panhellenic Association Recruitment Team

## EMPLOYMENT EXPERIENCE

**Summer Clerkship** | Richard R. Newton, Attorney at Law | Madison, Alabama | May 2025 - Present
- Research and analyze federal employment law issues to support litigation strategy in active and prospective cases.
- Draft pleadings and dispositive motion responses, including complaints, oppositions to motions to dismiss, and statements of facts for summary judgment briefing in federal court.

**Research Assistant** | Professor Lane H. Woodke | Birmingham, Alabama | May 2025 - Present
- Conduct legal research for law review publications.
- Assist with editing and Bluebook formatting to ensure academic publication standards are met.

**Alabama Republican Party** | Intern | Birmingham, Alabama | October 2024 – December 2024
- Assisted political director and general counsel with voter fraud and election issues.

**U.S. Senator Katie Britt** | Intern | Washington, D.C. | Summer 2023 (Inaugural Intern)
- Completed a week-long rotation in Communications, Legislative Affairs, and Constituent Services, gaining hands-on experience in each area of the office. Lead guided tours of the U.S. Capitol.

**U.S. Senator Tommy Tuberville** | Intern | Mobile, Alabama | Summer 2022
- Responded to constituent phone calls, emails, and mail.
- Conducted in-person annual meetings with city officials state-wide.

# ATTACHMENT  5

## Law Clerk Cate Moore's Time Sheet

Martha Swann v. East Alabama Medical Center

3:24-cv-00244-RAH-JTA

**Cate Moore**

251-████ | ████@samford.edu

| Date | Activity | Hours |
|------|----------|-------|
| 6/3/25 | Phone call with Rick to discuss strategy, planning research on apex doctrine defenses (*Beeman, Akridge*) | 0.5 |
| 6/3/25 | Legal research on apex doctrine and personal knowledge exceptions; review of *Beeman* and distinguishing from facts in Swann | 1.2 |
| 6/4/25 | Drafted and emailed memorandum on anticipated defense objections; included analysis of *Beeman*, *Akridge*, and *In re Toyota Motor Corp* (Apex doctrine cases | 1.2 |
| 6/6/25 | Review of Defendant's Response, noting arguments and citations (*Akridge* reversal) | 0.5 |
| 6/6/25 | Email discussion with Rick of weaknesses in apex arguments, confirming citations (*Akridge* reversal). Brainstorm and plan for additional research questions. | 0.2 |
| 6/7/25 | Email exchange with Rick confirming authorities, verifying case citations and argument notes for drafting; strategic planning for reply drafting | 0.9 |
| 6/8/25 | Review and editing of draft Reply brief, with comments on distinguishing *Beeman* and applying apex exceptions; provided written comments and suggestions on structure and citations | 0.8 |
| 6/9/25 | Drafting and sending detailed email to Rick summarizing edits and research notes on Reply (Draft 1.5), including suggested case law integration (Beeman, *Akridge*, apex doctrine) | 0.2 |
| | | Rate: $20/hour **Total: 5.5 hours** |