IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARTHA SWANN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:24-cv-00244-RAH-JTA |
| | ) |
| EAST ALABAMA MEDICAL CENTER, | ) |
| | ) |
|    Defendant. | ) |

## DEFENDANT EAST ALABAMA MEDICAL CENTER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR COSTS AND FEES

Defendant East Alabama Medical Center ("Defendant" or "EAMC"), pursuant this Court's July 7, 2025 Text Order (Doc. 43), hereby responds in opposition to Plaintiff Martha Swann's ("Plaintiff" or "Swann") July 1, 2025 Motion for Costs and Attorney's Fees related to her June 2, 2025 Motion to Compel ("Plaintiff's Motion"). (Doc. 39.) As explained herein, although the Court ultimately granted Plaintiff's Motion to Compel, EAMC's opposition to that Motion and its objection to the underlying deposition of its Vice President and Chief Legal Officer Roben Casey ("Casey") was substantially justified. Accordingly, as explained in more detail below, Plaintiff's Motion is due to be denied.

As the prevailing party on a motion to compel, Plaintiff is entitled to reimbursement for her costs and fees if Defendants' objections were not "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). An opposing party's objection to a motion to compel is "'substantially justified' so long as 'there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action].'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) (alteration in original) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In determining substantial justification, the Supreme Court has clarified that substantially justified does not mean "justified to a high degree." Rather, it means justified in substance, or that there is a genuine dispute. *See Covad Communications Co. v. Revonet, Inc.*, 262 F.R.D. 1, 4 (D.D.C. 2009) (quoting *Pierce*, 487 U.S. at 565). Stated differently, a "substantial justification is one that could satisfy a reasonable person." *AVX Corp. v. Cabot Corp.*, 252 F.R.D. 70, 78 (D. Mass. 2008) (internal citations omitted).

"District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); see also *Cobell v. Norton*, 213 F.R.D. 16, 28 (D.C. Cir 2003) ("It is well-established that district courts are entrusted with broad discretion to decide whether sanctions under Rule 37 should be imposed, and determine the nature of any sanctions to be imposed.").

As the Court explained in its Order granting Plaintiff's Motion to Compel, "there are some limitations on discovery." (Doc. 38 at 3.) Among those limitations, "[c]ourts *generally restrict* parties from deposing high-ranking officials . . . because executives are particularly vulnerable to numerous, repetitive, harassing, and abusive depositions by virtue of their position." *See Jet Blast, Inc. v. Blue Lake Serv., LLC*, 348 F.R.D. 706, 709 (N.D. Fla. 2025) (quotation omitted and emphasis added). The "Apex doctrine" restricts depositions of senior executives unless the party seeking the deposition can establish the executive: "(1) has *unique*, *non-repetitive*, first-hand knowledge of the facts at issue, and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527 (S.D. Fla. 2015) (emphasis added). "Courts within the Eleventh Circuit have routinely applied the apex doctrine." (Doc. 38 at 3, n.1) (citing *Jet Blast*, 348 F.R.D. at 709; *Sun Capital Partners*, 310 F.R.D. at 527; *Pace v. Alfa Mut. Ins. Co.*, No. 2:13-cv-697-WKW-TFM, 2015 WL 13845517, at *2 (M.D. Ala. Nov. 9, 2015).

Here, Plaintiff sought to depose Casey—Defendant's Vice President and Chief Legal Officer. District Courts in Eleventh Circuit (including one cited by the Court) have applied the Apex doctrine to prevent the depositions of companies' chief legal officers. *See Sun Cap. Partners, Inc.*, 310 F.R.D. at 527 (applying Apex

3

doctrine General Counsel); *see also Tillman v. Advanced Pub. Safety, Inc.*, No. 15-CV-81782, 2017 WL 679980, at *2 (S.D. Fla. Feb. 16, 2017) (explaining that the deposition of a company's general counsel constituted what is "commonly referred to as an apex deposition"). Based on this case law and on EAMC's belief that Casey did not have "unique, non-repetitive" knowledge of the facts at issue that could not have been obtained elsewhere, EAMC objected to Casey's deposition on apex grounds. *See Sun Capital Partners*, 310 F.R.D. at 527. Defendant's apex arguments and citations to apex case law are detailed in EAMC's Response to Plaintiff's Motion to Compel.[1] (Doc. 36.)

Ultimately, the Court disagreed with EAMC's arguments and granted Swann's Motion to Compel Casey's Deposition. (Doc. 38.) However, in light of case law regarding the apex doctrine in the Eleventh Circuit, Casey's position as Chief Legal Officer, and the availability of testimony regarding the grievance process from other witnesses, EAMC respectfully submits that its arguments in opposition to

---

[1] Upon review, Defendant acknowledges that its citation to *Akridge v. Alfa Mut. Ins. Co*., No. 2:17-CV-372-GMB, 2018 WL 3626115, at *2 (M.D. Ala. July 30, 2018) was in error. Defendant cited the District Court's order on a discovery-related motion that included apex arguments. *Id*. Westlaw did not indicate that this order had been reversed, as it was a separate order from the District Court granting the defendant's motion for summary judgment that was appealed to the Eleventh Circuit. *See Akridge v. Alfa Mut. Ins. Co.*, No. 2:17CV372-GMB, 2018 WL 5848983 (M.D. Ala. Nov. 8, 2018), *rev'd and remanded*, 1 F.4th 1271 (11th Cir. 2021). Nevertheless, as Plaintiff and the Court identified, the Eleventh Circuit reversed the summary judgment decision in part on apex grounds. *See Akridge v. Alfa Mut. Ins. Co*., 1 F.4th 1271 (11th Cir. 2021). Defendant apologizes for this oversight. However, EAMC respectfully submits that the disagreement between the District Court and the Eleventh Circuit in *Akridge* further underscores the essential point of this Response, which is that reasonable minds can (and do) disagree about the applicability of the apex doctrine in individual cases.

Swann's Motion to Compel were "substantially justified." Accordingly, Rule 37 forecloses an award of attorneys' fees and costs to Swann in connection with her Motion to Compel.

Federal courts have denied attorneys' fees to parties who were successful in compelling depositions over apex objections. In *Zimmerman v. Al Jazeera Am., LLC*, a federal court in the District of Columbia held that the Acting Director General of Al Jazeera Media Network could be deposed in a defamation and invasion of privacy suit brought by two professional baseball players who were accused in an Al Jazeera documentary of having used performance enhancing drugs. 329 F.R.D. 1, 3 (D.D.C. 2018). Al Jazeera sought to block the deposition on apex grounds. *Id*. at 6. However, the Court found that the Acting Director did have "unique knowledge of facts highly relevant to [the] case" such that a deposition of him was appropriate *Id*. at 7.

Nevertheless, the Court "[did] not require Defendants to bear Plaintiffs' fees because Defendants' objection to [the] deposition was substantially justified, albeit unsuccessful." *Id*. at 8. The Court explained that "Defendants' invocation of the apex doctrine rested on legal principles that have been adopted by other courts and remain an open question in this District." *Id*. "Although the Court concluded that [the witness] possesse[d] relevant knowledge that would allow him to be deposed even assuming that the apex doctrine applies to corporate executives, the parties' dispute presented an issue on which 'reasonable people could differ.' Consequently, neither

fees and costs nor any other sanction [was] warranted." *Id*. The same reasoning applies here. EAMC's opposition to Casey's deposition "rested on legal principles that have been adopted by other courts," including several district courts in the Eleventh Circuit. Although the Court ultimately ordered Casey's deposition to take place, EAMC respectfully submits the Motion to Compel and Response "presented an issue on which reasonable people could differ." *Zimmerman*, 329 F.R.D. at 8.

Like the *Zimmerman* Court, District Courts in the Eleventh Circuit have also denied Motions for Attorneys' Fees after resolving apex disputes. *See Watts v. Parr*, No. 1:18-CV-079 (LAG), 2019 WL 13175550, at *4 (M.D. Ga. Oct. 24, 2019) (finding substantial justification so as to preclude an award of attorneys' fees where "there was a genuine dispute as to whether the apex doctrine barred the subject depositions"); *Kelley v. Allegiant Air, LLC*, No. 8:23-CV-1162-WFJ-SPF, 2024 WL 665099, at *8 (M.D. Fla. Feb. 16, 2024) (denying motion to compel deposition on apex grounds but, in the court's "substantial discretion," declining to award attorneys' fees as "reasonable people could differ as to the issues raised in Plaintiff's motions").

District courts from outside the Eleventh Circuit have done the same. For example, in *Unishippers Glob. Logistics, LLC v. DHL Exp. (USA), Inc.*, a federal district court in Utah faced a Motion for Protective Order on apex grounds seeking to halt the deposition of the defendant's chief executive officer. *See* No. 2:08CV894,

6

2010 WL 135321, at *1 (D. Utah Jan. 13, 2010). The court "acknowledge[d] the apex doctrine" but concluded that the deposition should take place because the witness appeared to have "*unique* personal knowledge of the matter in dispute." *Id*. (emphasis added). The court noted that the plaintiff "[sought] attorney fees and costs associated with defending" the defendant's motion for protective order. *Id*. However, because the defendant's motion was "substantially justified" on apex grounds, the court declined to award costs and attorneys' fees. *Id*. In at least one case, a federal district court awarded a defendant costs and fees associated with *opposing* apex depositions because the plaintiff's arguments and purported need for such depositions were not substantially justified. *See Bachemin by & Through Bachemin v. DDMS, LLC*, No. CV 22-1976, 2023 WL 7280515, at *13 (E.D. La. Nov. 3, 2023). In contrast to this case law, Plaintiff's Motion fails to cite a single case in which a court awarded attorneys' fees after resolving an apex dispute. (Doc. 39.)

Swann argues EAMC's position is not "substantially justified" because Casey was not present at the grievance hearing as a legal representative. To be more specific, during discovery, Swann sent EAMC an interrogatory seeking the basis for every denial contained in EAMC's Answer to Swann's Complaint. (Doc. 46-5 at 100.) Paragraph 100 of Swann's Complaint, states: "EAMC's lawyer attended the [grievance] hearing, while Johnston made it crystal clear to Plaintiff that she,

7

Plaintiff, was not allowed to have counsel at the hearing. Johnston did this by both emailing Plaintiff around five (5) days before the hearing: 'We do not allow any representation at these meetings,' and by telling Plaintiff the same thing at the hearing's outset." (Doc. 1, ¶ 100.) EAMC denied this paragraph and explained in response to Swann's interrogatory: "Defendant denied the allegations in Paragraph 100 of Plaintiff's Complaint because Defendant's General Counsel was a member of the grievance panel and not present at this hearing in her capacity as a legal representative of Defendant in the hearing." (Doc. 46-5 at 100.)[2]

This "admission" from EAMC regarding Casey's role in the grievance hearing is not as large of an admission as Plaintiff represents. Indeed, Casey did not attend the grievance hearing as a legal representative of EAMC representing the Company's case against Swann in front of the grievance panel, which was the thrust of Swann's allegation in her Complaint. (Doc. 1, ¶ 100.) But even as a grievance panel member, Casey of course retained her title of Chief Legal Officer, which is a high-ranking corporate official at EAMC. Whether Casey was functioning as a legal advocate at the grievance hearing does not affect the underlying apex analysis. EAMC did not argue that Casey's statements during the grievance hearing were privileged. (Doc. 38.) The attorney-client privilege was not the basis of EAMC's

---

[2] To be clear, contrary to Swann's representation to the Court, EAMC never "admitted that Casey . . . acted as a biased interrogator of Plaintiff" during the grievance hearing or otherwise. (Doc. 39, at 7, ¶ 7.) This is simply a false representation from Plaintiff.

opposition to Casey's deposition, even though those issues were sure to arise in the deposition of a Chief Legal Officer.

Swann argues EAMC's opposition was not substantially justified because EAMC knew that Casey attended and participated in the grievance hearing not as a legal representative or advocate. (Doc. 39, at 7, ¶ 8.) Again, Casey's attendance and participation are not in dispute. Rather, EAMC's objection was primarily based on its argument that Casey's attendance and participation did not impute any "unique, non-repetitive" information to her relevant to Swann's claims. As EAMC explained, the grievance hearing was recorded and transcribed by Swann such that testimony related to that hearing would not be "unique, non-repetitive" information. *Sun Capital Partners*, 310 F.R.D. at 527. Any inquiry into Casey's mental impressions or reasoning behind her questions at the grievance hearing is not relevant to Swann's claims, as Casey was a single individual on a multi-member panel who voted unanimously to uphold the decision to terminate Swann's employment. (Doc. 42-3 at 8, ¶ 30.) This is especially so here, where Plaintiff had already deposed two other participants in the grievance hearing and EAMC's 30(b)(6) corporate representative.

EAMC recognizes the Court disagreed with these arguments when it ordered Casey's deposition to take place. However, EAMC respectfully submits that its arguments in response to Swann's Motion to Compel Casey's deposition were "substantially justified" as demonstrated herein. This is, of course, what plainly

distinguishes this case from Magistrate Judge Pate's Order cited by Plaintiff in which the court sanctioned a defendant and its counsel "for failure to comply with multiple Court orders." (Doc. 39-1 at 16.) In that case, the defendant failed to produce any responses to written discovery even after being ordered to provide responses by the court. (Doc. 39-1 at 8.) The plaintiff then filed a second motion to compel responses, which the court granted. (*Id*.) The defendant again failed to provide responses by a second court-ordered deadline, which led the plaintiff to file a third motion to compel responses. (*Id*); *see also Devaney v. Cont'l Am. Ins. Co*., 989 F.2d 1154, 1163 (11th Cir. 1993) (affirming an award of fees and costs and finding no substantial justification after party provided "largely unresponsive" discovery responses only after motion to compel was filed and then failed to provide complete responses within court-ordered deadline).

Unlike the *Davenport* case before Magistrate Judge Pate, EAMC has not refused to participate in the discovery process altogether. EAMC certainly has not defied any court orders related to providing discovery responses, much less on multiple occasions. Instead, based on the apex doctrine—which "[c]ourts within the Eleventh Circuit have routinely applied," (Doc. 38 at 3, n.1)—EAMC believed Casey had no "unique, non-repetitive" information that could not be obtained from other sources. The Court disagreed, but EAMC submits this was a decision about which "reasonable people could differ." *Josendis*, 662 F.3d at 1314.

10

## CONCLUSION

For the reasons detailed above, EAMC's Response in Opposition to Plaintiff's Motion to Compel Roben Casey's Deposition was "substantially justified" under Rule 37(a)(5)(A)(ii). Accordingly, Swann is not entitled to recover costs and attorneys' fees associated with that Motion to Compel. Therefore, EAMC respectfully submits Plaintiff's Motion for Attorneys' Fees and Costs is due to be denied.

Respectfully submitted,

*/s/ Warren B. Lightfoot, Jr.*
Warren B. Lightfoot, Jr.
W. Brock Phillips
Maynard Nexsen, PC
1901 Sixth Avenue North
1700 Regions Harbert Plaza
Birmingham, AL  35203
Telephone:  (205) 254-1000
Facsimile:  (205) 254-1999
Email: wlightfoot@maynardnexsen.com
          bphillips@maynardnexsen.com

*Attorneys for Defendant*
*East Alabama Medical Center*

## CERTIFICATE OF SERVICE

  I hereby certify that on July 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Richard R. Newton
2100 Southbridge Parkway, Suite 650
Birmingham, AL 35213
(205) 356-2498
richardrussellnewton@gmail.com

          */s/ Warren B. Lightfoot, Jr.*
          OF COUNSEL